ELIZA A. CHESLEY, BY HER NEXT FRIEND JOHN R. SELF, Plaintiff in Error, *v.* JOHN B. CHESLEY, GEORGE A. HOWES AND AMOS J. STILLWELL, Defendants in Error.

1. *Trustee must act for the advantage of the debtor, etc.* — A trustee, in exercising his duties and powers under a trust deed, is a trustee for the debtor, and is bound to act in good faith and adopt all reasonable modes of proceeding in order to render the sale most beneficial to the debtor.

*Error to Hannibal Court of Common Pleas.*

*T. H. Bacon*, for plaintiff in error.

I. The creditor, after volunteering relief on professed motives of personal friendship, and thereby evoking from plaintiff an advisory confidence, could not employ such relation to plaintiff's injury. (1 Sto. Eq. Jur. 317, § 329; Smith v. Ray, 7 H. L. C. 779–80; Foote v. Foote, 58 Barb. 258.)

II. The creditor, in response to plaintiff's request that he would bid in the property to save it from sacrifice, having given assurance that he would do what was right about it, and having paralyzed plaintiff's efforts to redeem, by assuring her trustee that the property should be safe in his hands, cannot deny the redemption shortly thereafter offered. (Medsker v. Swaney, 45 Mo. 273; Marlatt v. Warwick, 3 Green, 108; Parker v. Moody, 58 Me. 70, 72.)

*James Carr*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

The suit was brought to set aside a sale of real property made by a trustee acting under a deed of trust, and asking to redeem, etc. The property sold consisted of a lot of ground in Hannibal, and there were three distinct tenements upon it, situated some distance separate and apart from each other. Stillwell was the beneficiary in the deed and the purchaser at the sale, and the case clearly shows that the property was bought in at an under-value.

The charges of fraud made in the bill are hardly sustained by the evidence. It is unquestionably true that Stillwell, prior to the sale, did make certain representations to plaintiff which led her to believe that he was acting as her friend, and that in the event that he purchased the property she would be afforded an opportunity to redeem. But, taking all the evidence together, it is doubtful whether she was so lulled into security in consequence of these representations as to entitle her to relief were the sale in other respects entirely fair and unexceptionable. The evidence establishes most conclusively that the property was easily sus-

ceptible of division, and that it would have sold for a great deal more had it been divided and set up in three several parcels. The houses were several feet apart, and the lot ran back a good distance. The grantor in the deed was not consulted as to how the lot should be sold; but it seems that the trustee, the auctioneer and Stillwell had a private consultation, and they agreed among themselves that the property should be set up and sold as a whole. It was accordingly so offered, and Stillwell became the purchaser. We think that the trustee was palpably remiss in his duty. He seems to have acted upon the idea that he only represented the interest of the *cestui que trust*, and that it was only necessary for him to do whatever was most advantageous to him. Stillwell had no right to give him directions as to how the property should be sold, and he had no right to obey those directions, especially when they were injurious to the other party.

A trustee, in exercising his duties and powers under a trust deed, is a trustee for the debtor, and he is bound to act in good faith, and adopt all reasonable modes of proceeding, in order to render the sale most beneficial to the debtor. It is the duty of the trustee to pursue the course which will inure the most to the benefit of the debtor. (Gray v. Shaw, 14 Mo. 341; Goode v. Comfort, 39 Mo. 313; Judge v. Booge, 47 Mo. 544; Carter v. Abshire, 48 Mo. 300.)

The court below found for the defendants, and its judgment must be reversed and the cause remanded. The other judges concur.