## BAKER v. HALLIGAN, *Appellant.*

75 435
150 568
75 435
154 299

.Deed of Trust: TRUSTEE'S SALE. When enough has been realized from the sale of a portion of the property covered by a deed of trust to pay the debt, the trustee's power is at an end, and any further sale is a nullity.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

AFFIRMED.

*Crews & Booth* for appellant.

*L. F. Parker* for respondent.

HOUGH, J.—This is a suit brought by plaintiff to set aside a sale of his land under a certain trust deed. On the 1st day of June, 1872, one S. M. Davidson borrowed of S. M. Jones $1,547.24, for which he executed his promissory note, payable one day after date, with interest at ten per cent per annum, and secured the same by a deed of trust to the defendant Halligan, on the following lands in Phelps county, Missouri: Southeast quarter and southwest quarter and the northwest quarter of section 16, except ten acres off said northwest quarter, and southeast quarter of the southwest quarter and south half of the southeast quarter section 9, all in township 39, range 6 west. At the time of the execution of this deed of trust, it was verbally understood and agreed between Jones and Davidson, that Davidson might sell any of the lands conveyed by said deed, and upon payment to said Jones of the purchase money arising from such sales, Jones would release the lands sold. Soon thereafter Davidson sold the land in section 9 to one Patton, and paid to Jones Patton's cash payment to him of $465, and Jones thereupon executed a deed of release of said land, and Davidson, with the consent of Jones, received Patton's note for the balance of the purchase money, amounting to something less than $200,

which Davidson collected, and paid part thereof to Jones; how much does not definitely appear. On the 28th day of July, 1873, Davidson sold and conveyed to plaintiff the northwest quarter of section 16, aforesaid, except ten acres in the northwest corner thereof, for $1,050, of which sum plaintiff paid $600 in cash, and for the balance, $450, gave his note payable in eighteen months, with eight per cent interest. Of the cash payment, $565 was paid by David- son to Jones and by him credited on Davidson's note. On the 21st day of April, 1874, Davidson transferred to Jones Baker's note for $450. Davidson, Jones and one other witness testified that Jones purchased this note, but two other witnesses testified that Jones stated in their presence that it was received by him from Davidson in part payment of his note to him, Jones; and it appears from the decree that was rendered that the circuit court so found. On the evidence preserved in the bill of exceptions, we accept this finding as conclusive. Baker's note for $450 was fully paid on the 6th day of September, 1875, at which time one wit- ness testifies that Jones agreed to release Baker's land from the deed of trust given by Davidson; this Jones denied. There is a conflict of testimony as to the amount paid by Davidson on his note to Jones. The admitted payments are, cash October 1st, 1872, $465; November 26th, 1872, $41.55; August 13th, 1873, $560. On December 11th, 1877, Halligan, as trustee, sold all the lands conveyed to him, and realized therefrom the sum of $405, $305 of which was realized from the sale of other lands, before the plaint- iff's land was offered for sale. This tract brought at said sale the sum of $100, and all of said lands were purchased by said Jones.

By allowing the plaintiff's note to Davidson as a credit on Davidson's note to Jones, and deducting the admitted payments, it will be seen that at the time the sale was made by Halligan, the trustee, there was due to Jones on the Davidson note, the sum of $268.31. As the sum of $305 was realized by the trustee before offering the plaint-

iff's land, and the entire indebtedness of Davidson to Jones was thereby discharged, and the mortgage satisfied, the trustee had no power to sell the plaintiff's land, and his act in so doing was a nullity. The decree of the circuit court declaring the mortgage satisfied, and investing the plaintiff with title to the land purchased by him from Davidson, will, therefore, be affirmed. The other judges concur.