## KIRBY v. HOWIE *et al.*

1. Under Comp. Laws, § 5418, prohibiting a separate sale, under a power contained in a mortgage, of any more tracts "than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest and the costs and expenses allowed by law," where the mortgaged land consists of distinct tracts, and a sufficient number

have been sold to satisfy the debt and costs, the power to sell thereunder ceases, and the mortgagee can acquire no title to a tract thereafter exposed for sale under such power.

2. In such case the assignee of the certificate of purchase issued to the mortgagee stands in no better position than the assignor, as against an absent mortgagor without actual notice of the foreclosure or assignment of the certificate.

3. In an action to recover land bought at a mortgage sale, the mortgagee can show that payments made reduced the sum collectible so that money realized from a sale of portions of the mortgaged property was in excess of the amount due.

(Opinion filed March 17, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action to recover possession of land. From a judgment in favor of plaintiff for part of the land only, and from an order denying his motion for a new trial, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

Plaintiff having become a *bona fide* purchaser, in good faith, of the premises, the defendants are estopped from claiming a lesser sum due than that which appeared from the note and mortgage and so stated in the notice of sale. Merchant v. Wood, 7 N. W. 826; Palmer v. Bates, 22 Minn. 532; Sinclair v. Learned, 16 N. W. 672; Bausman v. Eads, 48 N. W. 769; Merrill v. Luce, 6 S. D. 354; 61 N. W. 43.

*Hosmer H. Keith,* for respondent.

The first three parcels sold for $2,722. The evidence shows that there was less than $2,000 due on the mortgage. When the fourth and last parcel, the homestead, was sold, the mortgage had been paid in full, the power of sale exhausted and consequently the sale was void. Temple v. Whittier, 7 N. E. 643; Redmond v. Packenham, 66 Ill. 434; Cameron v. Irwin, 5 Hill 272; Jackson v. Morse, 18 Johns. 441; Wood v. Colvin, 2 Hill 566; Grover v. Fox, 36 Mich. 461; Baker v. Halligan, 75 Mo. 435; Charter v. Stevens, 3 Den. (N. Y.) 33; Curry v. Hill, 18

W. Va. 370; Pryor v. Baker, 133 Mass. 460; Jackson v. Crafts, 18 Johns. 111.

FULLER, J.    Plaintiff, the assignee of a certificate of sale having for its basis a real estate mortgage foreclosure by advertisement, upon which he obtained a sheriff's deed to the N. E. ¼ and the N. ½ of the N. W. ¼, and the S. E. ¼ of the N. W. ¼ of section 34, township 101, range 49, instituted this action to recover the possession of said premises from the mortgagor, William Howie, and William Howie, Jr., who, it is alleged, wrongfully continue to occupy the same.    A trial to the court and jury resulted in the following verdicts:    "(1) We, the jury in the above-entitled action, find all the issues therein in favor of the plaintiff and against the defendants, as to the northeast quarter of section 34, and the southeast quarter of the northwest quarter of section 34, all in township 101, range 49.    (2) We, the jury in the above-entitled action, find all the issues in favor of the defendant William Howie, and against the plaintiff, Joe Kirby, as to the north half of the northwest quarter of section 34, township 101, range 49.    This appeal is by the plaintiff from a judgment accordingly entered, and from an order overruling a motion for a new trial.

That the 80 acres described in verdict No. 2 was the homestead of William Howie when he executed the mortgage, and at all subsequent dates, and that prior to the sale thereof under the power conferred by that instrument, enough of the incumbered premises had been sold in separate tracts to fully pay and satisfy the mortgage indebtedness, including all legal disbursements and costs of foreclosure, was the theory of that branch of the defense to sustain which evidence was introduced upon which counsel for respondent measurably relies to sustain the judgment of the trial court.    In support of a charge of conspiracy between the mortgagee and appellant to cheat and defraud the mortgagor, evidence was also, over appellant's objection, introduced tending to show that the notice of mortgage

foreclosure sale was unnecessarily printed in a newspaper of the county published in a village remote from the land, and having no circulation in that vicinity, in consequence of which the mortgagor had no actual knowledge of the foreclosure until appellant had obtained a sheriff's deed and served upon him a notice to quit the premises; that the amount claimed in the notice of sale to be due upon the mortgage was largely in excess of the balance remaining unpaid, including the costs of foreclosure, and that for the purpose of realizing upon certain judgments against the mortgagor held and controlled by appellant, and pursuant to an agreement entered into between the agent of the mortgagee and appellant before the sale, an amount was bid for the premises just equal in the aggregate to the sum claimed in the published notice, together with the expenses of foreclosure and the amount of appellant's judgments, with the express understanding that the certificate of sale containing a recital of such amount should be assigned to appellant upon payment of the amount claimed to be due upon the mortgage, and for which the property was advertised for sale. The jury having determined that appellant is the owner and entitled to the possession of all the land excepting the tract last sold, and claimed by respondent as his homestead, other facts and circumstances appearing upon the record, which his counsel contends are evidence of fraud sufficient to invalidate the sale, need be noticed, if at all, only so far as the same are incident to or bear upon questions arising upon the admission of evidence to show that numerous payments had been made upon the indebtedness secured by the mortgage, for which the mortgagor had received no credit, and by which the same was so reduced that the collection of the amount due upon appellant's judgments was the only motive which prompted appellant to direct the agent of the mortgagee to bid $3,922 for the premises, including the homestead tract, which was sold in the following order, as shown by the certificate of sale: "I offered for sale the southeast ¼ of the northwest ¼ aforesaid, and re-

ceived no bids for the same. I then offered for sale the southwest ¼ of the northeast ¼, and received no bids on the same. I then offered for sale the said eighty acres together, and was bid by said mortgagee therefor $700, and so sold by me. I then offered for sale the northeast ¼ of the northeast ¼ aforesaid, but received no bids for the same. I then offered for sale the southeast ¼ of the northeast ¼ aforesaid, but received no bids therefor. I then offered for sale the east ½ of said southeast ¼, and was bid by mortgagee $1,400.00 therefor, and so sold same. I then offered for sale the northwest ¼ of the northeast ¼ aforesaid, and was bid therefor by mortgagee $622.00, and so sold the same. I then offered for sale the northeast ¼ of the north west ¼ aforesaid but received no bid. I then offered the northwest quarter of the northwest quarter aforesaid for sale, but received no bid therefor. I then offered for sale the north half of the northwest quarter aforesaid, and was bid thereon $1,200.00 by the mortgagee, for which sum I sold it. All of said land being in section thirty-four, township one hundred and one, range forty-nine.'' Appellant testified at the trial substantially as follows: ''I was present at the sale and had bids made for me. I made an offer and let Mr. Clark make the bid for me. That was the amount I was willing to take the property for. I so stated to Mr. Clark. The amount of the two judgments which have been offered in evidence equals the difference between the amount due on such mortgage and the amount bid. There was no agreement or understanding, directly or indirectly, that any bid should be suppressed, or any surplus created there, between myself and Mr. Clark or any one else. I knew how much I was willing to bid on the premises, and whether the amount of the surplus would be ap plied on the judgment or not would be determined. I had reason to believe that it would.'' Concerning the consideration for the certificate of sale assigned to appellant, Mr. Clark, the agent of the mortgagee, testified that: ''In the foreclosure of this mortgage, and in the transaction with Mr. Kirby, I acted

for my mother, the mortgagee.    I kept the note and mortgage
in my possession, and collected money on it, and remitted it to
my mother.    It was given to me to collect the interest on and
take care of it.    Mr. Kirby paid me the amount claimed due in
the notice of foreclosure.    The consideration of the bid over
and above that was the amount of these two judgments.''

Upon all the evidence, viewed in the light of the court's
instructions, the jury must have found that the foreclosure was
regular and valid as to all the land other than the 8C-acre tract
claimed as a homestead, and that previous payments which
should have been indorsed were sufficient to render a sale
thereof unnecessary, in order to satisfy the full amount collect-
ible by virtue of the proceeding to foreclose the mortgage un-
der the power of sale.    Independently of the homestead claim,
or question of fraud, a separate sale under the power contained
in the mortgage of any more tracts ''than shall be necessary to
satisfy the amount due on such mortgage at the date of the no-
tice of sale, with interest and the costs and expenses allowed
by law,'' is expressly prohibited by Section 5418 of the Com-
piled Laws.    No question being raised as to that part of the
judgment which recites that appellant is, by virtue of the fore-
closure and sheriff's deed, the absolute, fee-simple owner, and
entitled to the immediate possession, of all the distinct parcels
of the mortgaged premises bid off and purchased by the agent
of the mortgagee prior to the 80-acre tract last sold, and ad-
judged to be the property of the respondent William Howie, we
are not called upon to determine at this time whether a sale of
more separate and distinct tracts than are necessary to satisfy
the amount due, including costs and lawful disbursements, ex-
tends to the groundwork, and invalidates the entire proceeding
to advertise and foreclose a mortgage under a power of sale.
Evidently, by complying with the statute, the mortgagee was
authorized to sell, as he did, in separate tracts, and, in the ex-
ercise of good faith and fairness, to purchase enough thereof
to satisfy the secured debt, including costs.    As appellant, by

assignment, took the certificate of sale subject to any defense existing in favor of the mortgagor, the subsequent execution of a sheriff's deed cannot operate to defeat his right, in an action of this character, to show that a certain parcel or tract of the mortgaged premises belongs to him absolutely for the reason that the mortgage was fully paid, and the power therein extinguished, by a prior sale of other and different tracts and parcels of said mortgaged premises.    Says Mr. Wiltsie:  "The payment of a mortgage extinguishes the power of sale contained in it.    If a statutory foreclosure is conducted thereafter, a *bona fide* purchaser at the sale will acquire no title in the premises."    Wilts. Mortg. Forec. p. 882.    Upon principle there is no distinction between the present case and that of Cameron v. Irwin, 5 Hill, 272, where it was held error to exclude evidence offered to prove that the mortgage debt had been paid prior to the foreclosure.    There the foreclosure proceedings were conducted for the assignee, Williams, in the name of the mortgagee, who afterwards deeded the premises to Williams, following the description contained in the mortgage.    Although the statute under which the foreclosure took place provided that no sale authorized by special power should be defeated to the prejudice of a *bona fide* purchaser, it was held that there could be no sale or purchase after the power was extinguished by payment; and, said the court, "Admitting the foreclosure to have been regular, we think the proposed proof of payment should have been allowed, even if Williams was a *bona fide* purchaser."    We therefore conclude that, under the view most favorable to appellant, it was not error to permit respondent to show by competent evidence that payments were made at different times prior to the foreclosure to J. B. Clark, the authorized agent of the mortgagee, upon the second indebtedness, for which no credit or indorsement had been made or given, which were amply sufficient, in the aggregate, to so reduce the sum collectible that the amount of money realized from the three separate tracts first sold was largely in excess of the amount

actually due, including all legal costs and disbursements. Though conflicting, there is evidence to show that the mortgagor had paid in the aggregate $1,332, for which no credit had been given, and as the amount claimed to be due was $3,-132.59, and the ·first three tracts sold for $2,722, a sale of no more tracts was necessary ''to satisfy the amount due of such mortgage at the date of the notice of sale, with interest and the costs and expenses allowed by law.''

It appears from the record that aside from the mortgage, but during the life thereof, respondents had numerous business transactions with J. B. Clark, the agent of the mortgagee, and respondent and his son both testified, in effect, that on the 31st day of October, 1893, they executed and delivered to him their promissory note for $964, and at the same time delivered therewith, as collateral security therefor, $7,000 in notes, which the mortgagor held against a third party and that, as full consideration for said $964 note, said J. B. Clark expressly agreed to apply $550 in settlement of some smaller notes of the mortgagor, aggregating that amount, which he then held, and that pursuant to said agreement he thereupon retained and accepted the balance of $414 as an absolute payment of that amount upon the indebtedness secured by the mortgage under consideration, but that he failed to indorse the same thereon, or in any manner give the mortgagor credit therefor. The authority of J. B. Clark to enter into a contract of that nature upon the part of his principal, the mortgagee, is unquestioned; and the conflicting evidence, fairly submitted to the jury, with reference to the $964 note, is reasonably sufficient to sustain an inference that both parties intended when said note was executed and delivered, that $414 thereof should be taken and retained as a a payment of that amount, and the verdict of the jury upon that question is conclusive. Hall v. Stevens (N. Y. App.) 22 N. E. 374. The general rule seems to be that a purchaser under an extinguished power, though for a valuable consideration and without notice, acquires no title by virtue of a sheriff's cer-

tificate or a deed based thereon. So when a mortgagor is substantially injured by a failure to observe the statutory requirments as to the exercise of a power of sale, and enough has been realized from tracts previously sold to satisfy the balance due upon the mortgage, any further sale is a nullity, and a deed of conveyance made in pursuance thereof, even in the hands of a purchaser without notice, is invalid, at least to the extent of such unauthorized and prohibited sale. Tied Real Prop. 364; Wood v. Colvin, 2 Hill, 566; Baker v. Halligan, 75 Mo. 435; Grover v. Fox, 36 Mich. 461; Redmond v. Packenham, 66 Ill. 434; Temple v. Whittier (Ill. Sup.) 7 N. E. 642. Consequently, under the statute of this state (Sec. 5418, *supra*), if the mortgaged premises consist of distinct tracts, a sufficient number of which have been sold to satisfy the debt and costs, the power to sell thereunder ceases, and the mortgagee, being at all times charged with the amount remaining unpaid, can acquire no title to a tract thereafter exposed for sale; and his assignee of the certificate of purchase stands in no better position, as against an absent mortgagor, without actual knowledge of the foreclosure or assignment of the certificate of sale. From a regardful examination of all the points raised by appellant at the trial and discussed in his brief, we are convinced that the record presents no reversible error, and the judgment judgment appealed from is affirmed.