GIVENS, Appellant, v. McCRAY et al.

Division Two, May 22, 1906.

1. **DEED OF TRUST: Sale: Trustee's Duty.** It is fundamental that the trustee in conducting the sale of real estate under the powers conferred upon him by a deed of trust, must discharge his duties impartially, with the view of protecting the interests of all parties interested in the property. While he is vested with a discretion as to the manner of conducting the sale, that discretion must always be exercised in such manner as will produce the best results for those interested in the property.

2. ———: **Sale in Parcels: Cotenants.** One cotenant who owns five-eighths interest in the land subject to the deed of trust does not have the right to insist that the land be subdivided and only so much of it be sold as will pay the debt and costs. He would have such right if he were the sole owner. But the other cotenants have rights, and the sale must be conducted in a way that will produce the best results to all the parties interested.

3. ———: ———: ———: **Homestead: Allegations.** The owner of a forty-four-acre homestead died leaving it subject to a debt of $150 secured by a deed of trust. He left a widow and eight children, and soon after his death the widow died, and plaintiff acquired the interest of five of the children. At the sale plaintiff demanded of the trustee that he sell only so much of the land as would pay the debt, and offered to bid $225 for any ten acres of the tract that might be sold, and alleges in his petition that if ten acres had been sold it would have brought the entire debt, and not resulted in impairing the value of the rest, but does not allege that the tract had any natural or surveyed subdivisions. The land brought $1,640, and it is alleged that it was reasonably worth $2,200. At the time of the sale there were two minors, who, it is alleged, will not reach their majority until 1912, and who had a homestead interest in the property. They are made defendants to this suit to set aside the sale, and through their guardian are resisting the suit. *Held*, that there is nothing in these facts which indicate that the trustee abused his discretion, and the allegations do not state a cause of action.

4. ———: **Setting Aside Sale: Facts Not Pleaded.** The right of a plaintiff to have a sale under a deed of trust set aside, depends on the allegations of his petition. Where there are no allegations of fraud or abuse of discretion on the part of the

trustee, and none that the sale was made in bulk by the trustee for the purpose of increasing his fees, those matters cannot be considered, even by a court of equity, in passing on the sufficiency of the petition.

Appeal from Daviess Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Selby & Givens* and *Hicklin, Leopard & Hicklin* for appellant.

It was the duty of the sheriff, as trustee, to act for the interests of all parties. When requested by a party in interest, he should have sold in parcels, and not have sold more than was necessary to pay the debt and expenses. Plaintiff was entitled to have his interest in land and not have it converted into cash, against his protest. Kelly v. Hunt, 61 Mo. 469; Tatum v. Holliday, 59 Mo. 428; Chesley v. Chesley, 49 Mo. 541; Crosley v. Bank, 107 Mo. 437; Yeaman v. Lepp, 167 Mo. 61; State ex rel. v. Yancy, 61 Mo. 397; Gordon v. O'Neil, 96 Mo. 356; Sumrall v. Chaffin, 48 Mo. 403.

*Gillihan & Gillihan* and *Boyd Dudley* for respondents.

Sales *en masse,* instead of in parcels, do not constitute sufficient grounds for setting aside a trustee's deed, unless accompanied by fraud, unfair dealing, or abuse of confidence on the part of the trustee, and some of these must be shown, and injurious results must attend the sale, whereby some interest is sacrificed, before a court of equity will be warranted in setting aside the deed. There are none of these things alleged in the petition and it consequently neither stated a cause of action nor equity. Lazarus v. Caesar, 157 Mo. 212; Tatum v. Holliday, 59 Mo. 428; Benkendorf v. Vincenz, 52 Mo. 444; Carter v. Abshire, 48 Mo. 302; Bank v. Stumpf, 73 Mo. 311; Chase v. Williams, 74 Mo. 429.

FOX, J.—This cause is here upon appeal from a judgment of the Daviess Circuit Court upon a demurrer to a petition filed by the plaintiff to set aside a sale. The cause of action stated to which the demurrer was sustained, was as follows:

"Plaintiff, for his amended petition and cause of action herein, filed by leave of court, says that defendant Robert D. McCray is the duly elected, qualified and acting sheriff of said Daviess county, and has been since the first day of January, 1901; that defendants Lewis Butler and Malinda M. Butler are minors under the ages of twenty-one and eighteen years respectively; that defendant Archibald Youtsey is the duly appointed guardian of said minors; that one James Butler died intestate seized and possessed of the following described real estate in said Daviess county, to-wit, all north of the Wabash railroad of the west half of the southeast quarter of section thirty-six in township fifty-nine of range twenty-seven, containing forty-four acres; that at the time of his death the said James Butler was the head of a family and occupied said real estate as his homestead; that said Butler left surviving him his widow who died within a few months after the death of her husband, and eight children, two of whom are minor defendants who were under the age of sixteen years at the time of the death of their said father; that at the death of said James Butler there was a valid and subsisting encumbrance on said real estate in the form of a deed of trust to which all of the rights of said James Butler were subject; that said deed of trust secured the payment, with others that matured at an earlier date, a certain note of date March 7, 1891, for $150, due March 7, 1898; that all of said notes secured by said deed of trust, except the one for $150 becoming due March 7, 1898, were paid as they became due; that plaintiff is now the owner of six-eighths of said real estate and was at the time of the sale thereof under and by virtue of said deed of trust, as hereinafter

stated subject to said deed of trust, the owner of five-eighths of said real estate and had been so the owner since the — day of November, 1901; that default having been made in the payment of said note for $150, becoming due March 7, 1898, and the trustee to whom said real estate was conveyed in and by said deed of trust, being permanently absent from this, the State of Missouri, and there being a provision in said deed of trust for the acting sheriff of said Daviess county to sell in the event of said trustee's absence from this State; that by reason of such absence of said trustee and by virtue of said provision for the acting sheriff to sell, defendant advertised said real estate for sale under the terms and conditions of said deed of trust at the public square in the city of Gallatin in said county and state on the first day of August, 1902, and on the said day last aforesaid did sell the whole of said real estate at once and in bulk to the defendant Marcus Tolen for the price and sum of $1,640, against the desire and protest of plaintiff; that on the day of sale, but before it had occurred, plaintiff demanded of the defendant McCray that he sell a less part of said real estate than the whole to make the amount of said note and the costs and expenses of sale, but that defendant McCray refused so to do; that at the time of such demand plaintiff, who is solvent and amply responsible for any bid or agreement he might make, offered to defendant McCray to bid and pay $225 for any ten acres of said real estate that he, McCray, might carve out of the same, said sum of $225 being more than sufficient to pay the amount due or claimed on said note and all costs and expenses of sale, and demanded that he, the said McCray, select and offer for sale ten acres of said real estate, but that he refused so to do, and afterwards sold the whole of said real estate in bulk to defendant Marcus Tolen as aforesaid, who has received a deed therefor from said McCray; that had said ten acres been offered as requested by plaintiff, it would have brought

its full value per acre as a part of the whole of said 44-acre tract, and not resulted in impairing in value the remainder of said tract; that said tract of 44 acres was reasonably worth $2,200 at the time of its sale, and that by reason of selling the same in bulk great injury resulted to this plaintiff and other owners thereof; that defendant minors own the other two-eighths of said real estate, subject to said deed of trust, each of the two owning one- eighth thereof; that said minors will not attain their majority until 1912; that until said minors do arrive at full age, they are entitled to the use and benefit of the entire proceeds of said sale to the exclusion of the participation of plaintiff therein. Wherefore plaintiff prays that said sale be set aside and for naught held and for such other relief as may be proper.''

To this petition the following demurrer was interposed:

''Comes now defendants R. D. McCray, and Lewis Butler and Malinda M. Butler, by their guardian and curator, Archibald Youtsey, and demur to the amended petition of plaintiff's filed in the above-entitled cause and assign the following grounds of demurrer, to-wit:

''1. Because the petition fails to state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendants or either of them.

''2. Because this proceeding being a suit to set aside a trustee's deed under sale is a suit in equity and said petition states no equity.''

This demurrer filed by the defendants was by the court sustained, and plaintiff declining to plead further a formal judgment was rendered upon the demurrer in favor of the defendants. Motions for new trial and in arrest of judgment were timely filed and by the court overruled, and hence followed the prosecution of this appeal to this court by the plaintiff and the record is now before us for consideration.

OPINION.

It is apparent that there is only one legal proposition involved in this proceeding. Appellant insists that the trial court erroneously sustained the demurrer to his petition and that is the only question presented for consideration.

We have carefully analyzed the petition in this cause which was successfully challenged by the demurrer in the court below, and have reached the conclusion that such petition does not state a cause of action which would authorize the interference by a court of equity with the sale made. It will be observed that this was a sale by the sheriff acting in the absence of the trustee in foreclosing a deed of trust upon the land as described in the petition, which consisted of only 44 acres.

It is fundamental that the trustee must in all cases in conducting sales of real estate by reason of the powers conferred upon him by the deed of trust, discharge his duties impartially with the view of protecting the interests of all parties who may be interested in such property, and it is also well settled and fully recognized by the law upon this subject, that trustees are vested with a discretion as to the manner of conducting their sales, and this discretion should always be exercised in such manner as will produce the best results for those interested.

The demurrer to the petition admits the truth of all the allegations properly pleaded in the petition, and the petition in this cause shows upon its face that the plaintiff and three of the children of James Butler, deceased, were interested in this land, and so far as the sale under the deed of trust was concerned, plaintiff and the three children interested in the land occupied a relation to such sale similar to that of the original debtor. There would be no question that, if the plaintiff in this case had been the only person interested in the real estate subject to the deed of trust, he

clearly would have had the right to have insisted on such land being subdivided and so much of it sold as would pay the debt and costs to which it was subjected by reason of the deed of trust, but this does not follow if other persons also have interests in such real estate. In that event the trustee must exercise such discretion in selling as will produce the best results to all parties interested. This case is unlike any of the cases cited by appellant in support of the contention that the petition states a good cause of action.

The case of Kelly v. Hurt, 61 Mo. 463, was a sale by the sheriff of Saline county foreclosing a mortgage given to the county for money borrowed by the plaintiff. In that case it will be observed that the sale was in the nature of an execution, for the court says that the petition will be treated as averring that the sale was made by the sheriff in obedience to an order of the county court to foreclose a mortgage. It will be noted in that proceeding that there were no conflicting interests to be protected by the sheriff, and the petition averred that the land was worth $4,500, and it further appeared from the petition that the land sold consisted of two eighty-acre tracts and two forty-acre tracts, which did not adjoin each other; that one forty-acre tract lies three or four miles from the remainder of said lands. It further appeared from the petition in that case that the land consisting as it did of separate tracts, was sold in mass for the sum of $1,380, to satisfy a debt of $1,082.66, which was then due on said mortgage. From the allegations of the petition in that case it clearly appears that the land was susceptible of division and that it was unnecessary to sell the whole of said land to satisfy said mortgage debt. The further allegation appeared in that petition, that if the land had been sold in parcels or separate tracts, it would have brought a much larger sum than was paid for the same by defendant. It also appeared from the petition that the plaintiff had no knowledge of the sale so

made in time to move to set the same aside. It is clear that there is no similarity between the facts appearing in the petition in that case and those in the case at bar.

State ex rel. v. Yancy, 61 Mo. 397, was a case upon motion to set aside a sale made under an execution by the sheriff, and upon the hearing of said motion there was only one person interested in the entire estate sold and that was Mrs. Dickson, and she manifestly under the facts in that case was in a position to complain, and we take it that it is clear that the rule therein announced as applicable to the question before the court falls far short of furnishing any support to the contention of appellant in the case at bar.

What is said in the two cases above referred to is equally applicable to the case of Gordon v. O'Neil, 96 Mo. 350, cited by appellant. It will be observed in that case that there is no similarity of averments in the petition upon which relief was sought, to the allegations in the petition in the case at bar. BLACK, J., speaking for the court in Gordon v. O'Neil, said that "the substantial averments of the petition are: That Doughtery, who was a deputy sheriff, and O'Neil conspired together to purchase the property at a nominal consideration, and pursuant thereto prevented other persons from bidding, so that O'Neil became the purchaser at fifty-one dollars, the property being worth thirty-five hundred dollars; that the lot should have been divided and a part only sold." The petition in this case, the sufficiency of which is challenged by the demurrer, contains no statement or averment which in any way approaches the statement of a cause of action similar to the Gordon-O'Neil case.

The case of Tatum v. Holliday, 59 Mo. 422, is very much unlike the case at bar. It was an action in equity to set aside a sale made under a deed of trust and asking the chancellor for permission to redeem. The plaintiffs in that case were the widow and the minor children

of David Tatum and were the only parties that were interested in the land and clearly they had the right to insist upon a division of the property in making the sale. They were the only parties in respect to such sale that stood in the relation of the original debtor; therefore, they were in a position to demand of the trustee to adopt such method and manner of sale as would render it most beneficial to the debtor.

Take this case and the allegations of the petition, which are to be taken for the purpose of this demurrer as true, and it is manifestly a different state of facts to those relied upon for relief in the numerous cases cited by appellant. In the case at bar we have only a small tract of land of 44 acres, which was left to the widow and minor children surviving James Butler, deceased, as a homestead. The widow and minor children upon the death of James Butler had the joint right of occupancy of such homestead, and the minor children had the right to occupy and enjoy the benefits of such homestead until they arrived respectively at their majority. Mrs. Butler, the widow of James Butler, deceased, died shortly after her husband, hence the minor children were left with the right to occupy and enjoy the homestead so left by their father until they arrived at their majority. The plaintiff in this cause, Mr. Givens, purchased prior to the sale under the deed of trust, the interest of five of the children in such homestead. His interest so acquired was not only subject to the deed of trust which was given before the death of James Butler, but was subject to the homestead rights of the widow and minor children in such real estate. In other words, the interest so acquired by plaintiff could not be actively asserted so as to participate in any of the rents or profits of such real estate until after the expiration of the homestead rights of the widow and the minor children. At the time of this sale there were two minor children entitled to occupy and enjoy the benefits of such homestead until they reached their

majority, and after the expiration of their homestead rights they were each entitled to one-eighth interest in fee in such real estate.

It is clear that the plaintiff in this proceeding had no absolute right to control the manner or method of sale under the deed of trust, and it is equally clear that under the facts alleged in the petition there were others interested in the sale of this property, the protection of whose interests the trustee was not at liberty to ignore; therefore, the condition confronting the trustee at said sale was one which required him to exercise a proper and sound discretion as to the manner and method of such sale and he was simply bound to act in good faith and adopt such reasonable methods of proceeding with the sale as would produce the most beneficial results to the parties interested. That the trustee under this deed of trust had the right to sell this property there can be no doubt; that right and power was expressly conferred by the deed of trust. It is equally clear that according to the allegations in the petition this was a case in which no particular one of the parties interested had the right to control the manner and method of sale, and that it was clearly a case the circumstances of which required the exercise of a sound and proper discretion by the trustee in making the sale. While on the one hand it may have been to the interest of the plaintiff to have carved out of this 44 acres a small portion of it to satisfy the deed of trust, yet on the other hand the interests of the minors were unlike the interests of the plaintiff. While it may be that practically the value of the remainder of the land would not have been impaired, by reason of the sale of part of it to pay the debt, yet the occupancy and enjoyment of it as a homestead, which the minor children had the right to, may have been greatly impaired, and in fact so far as the occupancy of it as a home, have been absolutely destroyed. Therefore, the trustee may have justly concluded that to have carved out ten acres

of the homestead would have been injurious to the minor children, and may have very logically reasoned that the parties interested in this land were interested in it for what it was worth, and that it would realize more if sold in bulk than if a small portion was carved out of an already small tract of land and sold to satisfy the deed of trust. It may al- so have occurred to the trustee, and it doubtless does occur now to the curator of these minors, who is resisting the proceeding to set aside the sale, that in the event of carving out ten acres of this land to sell to satisfy the deed of trust, and the retention of the remainder by the parties interested, that at best it would only be a few years until the remainder, which clearly would not be susceptible of division in kind, would be sold for the purpose of partitioning the interests of these three children and the interests of the plaintiff, and therefore concluded that the sale of the entire land under this deed of trust would bring its full value, and that the proceeds were simply a fair substitute for the land, and that after the payment of the amount of the deed of trust, the remainder would be held for the benefit of those who were entitled to enjoy the occupancy of the land during their minority, and after reaching their majority such proceeds would be divided in accordance with the respective interests of the parties.

What we have said was simply deemed appropriate for the purpose of marking the distinction between this case and those cited by appellant, and of indicating that upon the facts as alleged by the plaintiff this was a case in which the trustee was vested with discretion, and was only bound to act in good faith and adopt such methods of procedure in respect to this sale as would result most beneficially to all the parties interested, and to indicate the necessity in a proceeding to set aside such sales of at least making such allegation and averments in the petition which, if taken as true, would show an abuse of discretion and an improper and un-

sound exercise of it by the method and manner of proceeding in the consummation of such sale.

Recurring now to the allegations of the petition as well as the essential and material allegations which should be embraced in it, we find on the one hand the sole grounds alleged for equitable relief in this case, the statement that plaintiff demanded that a less part of such land than the whole be sold to make the amount of said debt and costs, which demand was refused by the trustee; that plaintiff offered to bid and pay $225 for any ten acres of said land, which was more than enough to pay the debt and costs; it is also alleged that said minors will not attain their majority until 1912; that until said minors do arrive at full age they are entitled to the use and benefit of the proceeds of such lands to the exclusion of the participation of plaintiff therein.  On the other hand an analysis of the petition shows an entire absence of any allegation or averment that this small tract of land of 44 acres had any natural subdivision or subdivisions by surveys; no allegation that it was in any way divided into small tracts or that it was held by separate holdings, so that these minors could have occupied and enjoyed the remainder of said land as a homestead, or that the land would sell for more by being divided, but on the contrary the petition alleges that the plaintiff offered to bid and pay $225 for any ten acres, and if that is to be taken as a criterion of value upon the subdivision of the land, the sale demonstrated that each ten acres of that small tract of land brought when sale is made $20 more on the acre than plaintiff offered to bid and pay for any ten acres in the premises if it had been divided.  It is not alleged that any person would have given more than $225 for any ten acres the trustee might carve out if he had sold that way.  There is an entire absence from this petition of any allegation of fraud, unfair dealing, misconduct or abuse of discretion on the part of the trustee.  There is no complaint upon the ground

of inadequacy or insufficiency of the consideration realized for the land. It is simply stated in the petition that the land was reasonably worth $2,200, but it is manifest from the allegations in the petition that plaintiff does not predicate his right of relief upon the ground of the insufficiency of price paid for the land.

As to the allegation in the petition that the minor defendants would not reach their majority until 1912 and would enjoy the use and benefits of the entire proceeds of such sale to the exclusion of the participation of plaintiff, we might stop to inquire as to what different attitude would plaintiff be in respecting the remainder of the land if it had not been sold? He would not be enabled to participate in any rights of enjoyment, rents or profits of the remainder of such land until the minor defendants reached their majority, hence that allegation fails to show any injury whatever to the plaintiff.

There is a further complaint in the brief and argument of counsel for appellant that the whole petition when fully considered charges unfair treatment and abuse of discretion on the part of the sheriff as trustee; however, with commendable frankness, learned counsel for appellant concedes that no such words are used in the petition. It is also insinuated that the sheriff made this sale in bulk for the purpose of increasing the amount of his commission upon such sale. If such was the fact clearly there should have been some averment of that kind in the petition. We have carefully considered the petition and we are unable to agree with counsel, when fully considered, that it shows any abuse of discretion on the part of the trustee. If there was such abuse of discretion in such sale there is only one way in which you can call into action the powers of a court of equity, and that is by alleging it in the petition which seeks the relief. The relief sought in the petition is based upon the ground as heretofore indicated, which

in our opinion does not sufficiently state a cause of action.

The correct rule as applicable to the question presented in this case is nowhere more clearly or correctly stated than in Benkendorf v. Vincenz, 52 Mo. l. c. 444. It was there said: "While it is true that sales of this character will be narrowly watched, and every possible safeguard thrown around the interest of him who has been truly called 'a servant to the lender;' yet the mere fact that the property conveyed by deed of trust is sold in gross is not *per se* sufficient to avoid the sale; and no case that I am aware of has gone to that length. There must be some attendant fraud, unfair dealing, or abuse by the trustee of the confidence reposed in him; or some resulting injury from a sale made in this way, in order to obtain the aid of a court of equity to divest a title thus acquired. In the very nature of things some latitude of discretion ought in this regard to be allowed the trustee; indeed, the very instrument conferring the power contemplates this, and so long as his acts are free from any suspicion of bias, and that discretion is not arbitrarily nor unsoundly exercised, those acts will be exempt from equitable interference."

In the case of German Bank v. Stumpf, 73 Mo. l. c. 314, it was expressly ruled that "the mere fact that property which is susceptible of division, has been sold in mass, will not render a trustee's sale void. It is only where substantial injury has been inflicted by a failure to subdivide and sell in parcels, that a court of equity will interfere and set the sale aside." The cases last cited were followed and approved in Chase v. Williams, 74 Mo. 429.

In the case of Lazarus v. Caesar, 157 Mo. 199, GANTT, J., speaking for this court, reviewed all the authorities upon this subject, and thus announced the conclusions, in which all the members of this division concurred: "While it may be conceded that where a tract of land has been divided into parcels or lots for separ-

ate and distinct enjoyment, the presumption is that the property will realize more when sold in parcels than in one piece, because such a sale will better correspond to the probable wants of the purchasers and their ability to purchase, this is by no means a conclusive presumption. On the contrary, the books abound with cases which hold that a discretion is vested in the trustee to sell in the way which will produce the largest sum, and this court has often refused to disturb a sale *en masse* simply because the land was not sold in parcels, but has required, in addition, evidence of fraud, unfair dealing, or abuse of confidence. Thus, in Carter v. Abshire, 48 Mo. loc. cit. 302, this court said: 'A trustee, in exercising his duties and powers under a trust deed, is a trustee for the debtor, and is bound to act in good faith and adopt all reasonable modes of proceeding in order to render the sale the most beneficial to the debtor. Therefore, where property will bring more by being separated when sold, it is the duty of the trustee to pursue that course, whether the deed contains a direction to that effect or not . . . . But no general rule can be laid down for the government of trustees on this subject. In some cases the sale of an entire tract will be more judicious and better subserve the interest of the debtor than a division in parcels. A farm or a piece of real estate may derive additional value from its unity or entirety.' "

We see no necessity for pursuing this subject further. We are unwilling to assent to appellant's contention that the mere statement that the trustee had sold the land in bulk and refused the request of plaintiff to sell a less quantity, and the offer to bid and pay $225 for any ten acres carved out of the 44 acres, and that such failure to make such sale as requested and desired by plaintiff operated to his injury, in the absence of any substantial allegation indicating the true nature and character of this property, its susceptibility of division, or of any abuse of discretion or confidence on

the part of the trustee in making such sale, or that in conducting such sale he in any manner acted otherwise than impartially with all the parties in interest, or did not exercise a proper and sound discretion in adopting methods and manner of the sale of such property, constitutes a statement of a good cause of action.

Entertaining the views as herein expressed, it results in the conclusion that the judgment in this cause should be affirmed, and it is so ordered.

All concur.