MORRISON BANK. Appellant, v. ANNA WHERTVINE ET AL.—20 S. W. (2d) 529.

Division Two, August 6, 1929.

598

*J. Richard Garstang* and *Marion R. Garstang* for appellant.

*George J. Gove* and *William A. Davidson* for respondents.

WALKER, J.—This is is suit in equity to set aside a sale under a deed of trust of certain land, described in the petition, in Osage County, which deed was made to secure the payment of a promissory note. A demurrer to the petition was sustained by the circuit court on the ground that the facts stated did not constitute a cause of action. From the judgment rendered on this ruling the plaintiff has appealed.

There is much wholly irrelevant matter in this petition. A summary of its material allegations is to this effect:

A promissory note was given by the defendants, the payment of which was secured by a deed of trust on the land described in the petition. A portion of the principal of said note became due and remained unpaid in September, 1924. At the February term, 1925, of the Osage County Circuit Court, the plaintiff, who had become the owner of the note by assignment from the original payee and also of the deed of trust given to secure the payment of the same, brought suit and recovered a judgment against the defendants for the amount

due and unpaid on the note. Upon the rendition of the judgment the trustee, in conformity with the conditions of the deed, proceeded, in the exercise of the discretion therein conferred on him and as requested by the defendants, to offer for sale eighty acres of the tract of one hundred and sixty acres described in the deed, and the tract offered was sold for the sum of $700, which was sufficient to satisfy the full amount due on the plaintiff's judgment, interest and costs. Thereafter the trustee refused to offer the remainder of the tract for sale. This constitutes the burden of the plaintiff's complaint and the sole ground upon which it is sought to have the sale set aside. The remainder of the petition is devoted to allegations as to the plaintiff's estimated value of the land as a whole and of the advantages that would have accrued to the plaintiff and the defendants if the entire tract had been offered for sale instead of a sufficient portion of the same to satisfy the plaintiff's judgment with interest and the costs and expenses of the sale. The allegations following are pregnant with observations in support of the plaintiff's conclusions as to the result of the trustee's manner of performing his trust, but nothing is alleged which tends to show that the course and conduct of the latter was not well within the power conferred on him by the terms of the deed and manifested a purpose to regard and protect the rights of the parties in interest. Where a trustee conducts a sale according to the terms of the deed of trust and with absolute fairness, no sufficient ground exists for setting aside the sale. [Givens v. McCray, 196 Mo. 311, 93 S. W. 374; Green R. E. Co. v. St. L. Mut. House Bldg. Co., 196 Mo. 358, 371, 93 S. W. 1111.] In short, the petition contains no allegation which, under a reasonable construction, would have authorized the trial court to set aside the sale. The plaintiff has received, or if it has not accepted the amount due it from this sale, it may receive the full amount due as nominated in the judgment, and therefore the petition alleges no ground for equitable relief. The ruling of the trial court is affirmed. All concur.