ECHEAL T. FEINSTEIN, Appellant, v. JOE BORGMEYER, Sheriff of St. Charles County, Successor Trustee.—No. 37713.—174 S. W. (2d) 160.

Division Two, August 24, 1943.

Rehearing Denied, October 4, 1943.

*Robert V. Niedner, Echeal T. Feinstein* and *Jos. T. Herzberg* for appellant.

862

*David A. Dyer* and *B. H. Dyer* for respondent.

LEEDY, P. J.—By this suit plaintiff seeks to compel the Sheriff of St. Charles County to recognize him as the successful bidder for, and purchaser of, certain real estate at a foreclosure sale conducted by said sheriff as successor trustee under a deed of trust. The cause was tried on an agreed statement of facts, resulting in a decree for defendant, from which plaintiff appealed.

The deed of trust in question was executed on January 1, 1932, by one Maggie King to secure her note of that date for $1,600.00, due three years thereafter. The real estate conveyed thereby consisted of eight parcels in Portage des Sioux, in St. Charles County, described as follows: "All of the west one-half (1/2) of block 44, block forty-five (45), the east half of block forty-six (46), blocks fifty-one (51), fifty-two (52), fifty-nine (59), eighty-four (84) and eighty-five (85)." Maggie King, the mortgagor, died about three years before the date of sale. The fact of default is admitted, and the right of the holders to foreclose is not questioned. The sole point of controversy is with reference to the bidding at the sale. In that connection plaintiff's brief says, "This appeal, we believe, presents a single, clear-cut issue, namely, who made the highest and best cash bid (or bids) at the foreclosure sale conducted by the defendant successor trustee?"

The pertinent facts in relation to this restricted issue, as reflected by the agreed statement, are: That after reading the notice of sale and announcing the amount of the principal and accrued interest in default as $2,336.00, the trustee "did publicly . . . offer for sale said property described in said deed of trust and foreclosure notice of sale." Whereupon the plaintiff, without solicitation by the trustee for bids for less than the whole of said property, made a cash detail bid aggregating $2,425.00 for blocks 51, 45, 59 and 52 (at sums, respectively, of $1,025.00, $400.00, $800.00 and $200.00), which exceeded the amount of the indebtedness and cost of executing the trust, and tendered the amount of his bid. After it was refused by the trustee, defendant renewed said bid and tender and publicly notified the trustee that "he had exhausted his authority to offer any other of the mortgaged property for sale, inasmuch as the aggregate amount of the plaintiff's detail cash bids had exceeded the amount of the

principal of said deed of trust, accrued interest and cost of executing said sale, and that thereby said mortgage debt had been satisfied and extinguished,'' and demanded his deed to said four parcels of real estate. ''That the defendant, over the protest of the plaintiff, did publicly request·bulk bids and did receive one bulk bid of $3,000.00 from.one Ben L. Emmons for all of the mortgaged property, and the defendant struck off said property to Ben L. Emmon's by saying, 'Sold to Ben L. Emmons.' '' That the bids above-mentioned were all of the bids made at said sale, and after they had been made the trustee ''then and there declared the sale closed and terminated,'' and thereafter plaintiff renewed his aforesaid bid and tender and again demanded a deed which the trustee refused. The trustee has made no conveyance of any of said property by virtue of said sale.

The plaintiff says his was the highest and best bid because it was agreed that in the inventory of Maggie King's estate, made some three years previously, the value of all the real estate in question was appraised at $7,340.00, the several items being as follows: Lot 84, $75.00; Lot 85, $50.00; Lot 88, $15.00; West half of Lot 46, $650.00; East half of Lot 46, $3,500.00; Lot 45, $400.00 (pumps and fences excepted); Lot 51, $1,000.00 (except garage); Lot 44, $450.00; Lot 52, $400.00; Lot 59, $800.00. This was the only evidence in anywise bearing on the value and nature of the property. Whether it was adapted for, or used as a single unit in the enjoyment thereof is not suggested.

Plaintiff's theory is bottomed on these propositions, in support of which he cites [162] numerous cases: (1) That a trustee under a deed of trust must sell in parcels, whether the deed of trust so provides, or not;[1] and (2) that such a trustee may sell only enough parcels to satisfy the debt, interest and costs,[2] and a sale of more parcels than is necessary for that purpose is a nullity.[3] He further asserts the same propositions as matters of public policy ordained by the statutes in relation to forced sales.[4]

We fail to appreciate how plaintiff could be regarded as the purchaser, and, as such, entitled to a deed, or investure of title by decree,

[1]Lazarus v. Caesar, 157 Mo. 199, 57 S. W. 751; Tatum v. Holliday, 59 Mo. 422; Sumrall v. Chaffin, 48 Mo. 402; Carter v. Abshire, 48 Mo. 300; Gray v. Shaw, 14 Mo. 341; Goode v. Comfort, 39 Mo. 313; Chesley v. Chesley, 49 Mo. 540, 54 Mo. 347 (reappeal); Gill on Missouri Titles, 3rd Ed., p. 261, Sec. 504; Jones on Mortgages, 8th Ed., Vol. 3, p. 921, Sec. 2401.

[2]Kelsay v. Farmers & Traders Bank, 166 Mo. 157, 65 S. W. 1007; Baker v. Halligan, 75 Mo. 435; Morrison Bank v. Whertvine, 323 Mo. 597, 20 S. W. (2d) 529; Lazarus v. Caesar, 157 Mo. 199, 57 S. W. 751; Tatum v. Holliday, 59 Mo. 422; Kelly v. Hurt, 61 Mo. 463; Gill on Missouri Titles, 3rd Ed., p. 261, Sec. 504; Jones on Mortgages, 8th Ed., Vol. 3, p. 921, Sec. 2401.

[3]Baker v. Halligan, 75 Mo. 435; Kelsay v. Farmers & Traders Bank, 166 Mo. 157, 65 S. W. 1007.

[4]Chap. 23, Art. 2, R. S. '39; Secs..3450, 1366, 1742, 11130, 1350, 1747, 11127 and 3461 R. S. '39.

in view of the admitted fact that the property claimed by him was struck off to another. [See Blossom v. Milwaukee & Chicago R. R. Co., 18 L. Ed. 43.] But this is a subject we need not explore because the case turns on another question, and that is the right of plaintiff to complain of the manner in which the sale was conducted.

Plaintiff was a stranger to the transaction giving rise to the sale. He was not a party to, nor interested in the deed of trust, nor the land, as creditor or debtor. His only connection with the transaction was his appearance as a bidder at the sale, in response to public notice that the trustee would "sell the real estate in said deed of trust described" at the time and place in question. The property was not offered in parcels, but en masse, upon which a bid of $3,000.00 was received and accepted. The persons interested as debtor and creditor were apparently satisfied; at least they are not objecting.

There are numerous reported cases (some of them cited by the plaintiff) involving controversies usually between the mortgagor on the one hand and the mortgagee, or the purchaser, on the other, growing out of the exercise of the power of sale contained in a deed of trust which define the relationship between, and the duty owed by, such trustees and the parties in interest (the mortgagor and the mortgagee, or their successors). We have no quarrel with the principles applied by such cases when considered in the light of their own facts. But there is nothing in any of them, nor in any statute to which our attention has been called, to suggest that a mere bidder, a stranger to the transaction, may predicate a right to be recognized as the purchaser by setting up a breach on the part of the trustee with respect to a duty owed exclusively to the parties in interest, and certainly not where, as here, such interested parties themselves are satisfied and make no complaint. "Where the mortgagor does not object to the sale, nor anyone standing in his place, or succeeding to his rights, no one else can attack it." [41 C. J. 1007.] This is precisely the sort of thing the plaintiff in the case at bar has undertaken. All of the cases cited by him are distinguishable for this reason. As the trustee owed no duty to plaintiff to conduct it in accordance with the latter's notions as to what constituted protection of the interested persons, he will not be heard to complain, and the decree entered by the chancellor should be affirmed. It is so ordered. All concur.