Naomi R. HOER, Appellant,

v.

Lloyd WURDACK, et al., Respondents.

No. 54826.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 17, 1989.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Feb. 28, 1989.

Application to Transfer Denied
April 18, 1989.

Frank K. Carlson, Union, for appellant.

David L. Baylard, P. Daniel Billington, Union, for respondents.

CRIST, Judge.

Appellant (mortgagor) appeals the trial court's granting of summary judgment in favor of respondent (trustee) on mortgagor's action for damages against trustee for his failure to sell mortgagor's property in parcels at a foreclosure sale. We affirm.

Sterling National Land Company (Sterling) was the owner of one contiguous tract of approximately 142 acres of land in February 1984. Sterling executed a note to American Bank of Franklin County (Bank) and secured this note by a first deed of trust on such land in favor of Bank. Respondent Wurdack was named as trustee. No part of the land had then been platted for subdivision.

Part of the land was thereafter platted by Sterling. Subsequently, mortgagor bought the land subject to the deed of trust in August of 1984.

Five lots were sold by mortgagor after she purchased the property; however all of these sales were initiated by Sterling before the sale to mortgagor. Bank released these lots from the deed of trust when sold. Mortgagor subdivided the remainder of the property; however this plat was made without notice or consent of the Bank. No other lots were sold by mortgagor.

Mortgagor defaulted on the note, and trustee proceeded to foreclose on the deed of trust. The foreclosure sale was held December 12, 1985. Mortgagor's attorney attended the sale to deliver to trustee a notice of mortgagor's intent to redeem the property. He remained to observe the sale.

Trustee offered the property for bidding as a single parcel of land, consisting of the approximately ninety-six remaining acres. Bank was the only bidder for the property, purchasing it for the amount of the debt, Fifty–Two Thousand One Hundred Eighty–Six and 70/100 Dollars ($52,186.70).

Mortgagor moved for summary judgment on the issue of trustee's liability. Trustee countered with his motion for summary judgment denying liability. The trial court granted trustee's motion and denied mortgagor's.

Mortgagor asserts the trial court erred in denying his motion for summary judgment and in granting trustee's in that trustee had a duty to sell the property in parcels because it had been subdivided. She contends that selling the property in parcels would have brought a substantially higher price, and that this should be presumed.

■ Trustee is not liable in damages unless there was a showing of fraud, unfairness, or an abuse of discretion in his execution of the sale. *See Edwards v. Smith*, 322 S.W.2d 770, 777 [11, 12] (Mo.1959); *Scott v. Security Title Ins. & Guarantee Co.*, 9 Cal.2d 606, 72 P.2d 143, 146 [3] (1937). Mortgagor did not favor us with a copy of her petition; however, the parties seem to agree, and we assume, mortgagor did not allege fraud or unfairness in trustee's execution of the sale.

■ Trustee had no duty to sell the land in parcels, *Givens v. McCray*, 196 Mo. 306, 93 S.W. 374, 378–379 (Mo.1906); *see also Burke v. Doerflinger*, 663 S.W.2d 405, 407 [3] (Mo.App.1983), but he had discretion to sell the property in parcels or *en masse*. *Givens* 93 S.W. at 379. Trustee did not abuse this discretion. Mortgagor was duly notified of the sale. Her attorney was present at the sale and did not object to its manner. The property was sold as it was described in the deed of trust—*en masse*. There is no contention that the sale was void or voidable. Mortgagor's mere assertion the land would have brought a greater price if sold in parcels is not sufficient to create liability in the trustee for abuse of discretion. *Cf. Givens*, 93 S.W. at 379 (equity will intervene to overturn a sale *en masse* only where a showing of substantial injury resulting from fraud, unfairness, or abuse of discretion); *Boatmen's Bank of Jefferson County v. Community Interiors, Inc.*, 721 S.W.2d 72, 77 [9] (Mo.App.1986) (inadequacy of price alone will not justify setting sale aside). We have found no Missouri case authorizing an action for damages against the trustee on similar facts. The trial court's granting of summary judg-

ment to trustee was not erroneous. *Cf. McHugh v. Church*, 583 P.2d 210 (Alaska 1978) (affirming summary judgment against mortgagor in his action to void sale *en masse* of subdivided property).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.