## GENEVIEVE JODD, Appellant, v. LOUIS MEHRTENS.

### Division One, December 2, 1914.

**LIMITATIONS: Dower: Thirty-Year Statute.** A widow who claims dower in land which belonged to her husband during his life-time cannot recover in an action for the admeasurement of dower, if the land has been in the lawful possession of those who bought at a foreclosure sale under a deed of trust signed by her and her husband and of those who claim under them, for thirty-one consecutive years before her suit was instituted, and during all that time neither she nor any one for her has paid any taxes, and if the title emanated from the government more than ten years before the entry by lawful possession of any person holding the premises.

Appeal from St. Louis City Circuit Court.—*Hon. C. C. Allen,* Judge.

AFFIRMED.

*H. K. Bunch* and *E. C. Dodge* for appellant.

(1)   The trial court found for the defendant not only against the weight of the evidence, but in direct opposition to all of the evidence in the cause, and the court therefore erred in overruling plaintiff's motion for a new trial.   Doering v. Saum, 56 Mo. 480; Ittner v. Hughes, 133 Mo. 680.   Dower is not within the Statute of Limitations, unless made so expressly.   Dyer v. Witler, 89 Mo. 95.   The law existing at the time of marriage (1848) and not at the time of its dissolution (1878) determines the marital rights of the parties. Riddick v. Walsh, 15 Mo. 519.   Dower is a right in law fixed from the moment marriage and seizin concur and becomes a title paramount to that of any person claiming under the husband by subsequent act.   Baker v. Railroad, 122 Mo. 396.   The Statute of Limitations does not commence to run against a widow until dower has been assigned, nor is staleness of demand any defense to an action for admeasurement of dower.   Johns v. Fenton, 88 Mo. 67; Williams v. Courtney, 77 Mo. 587.   The act limiting actions for the recovery of real estate, February 4, 1847, and the same act, R. S. 1855, p. 1045, does not include the limitations of suits for dower.   Littleton v. Patterson, 32 Mo. 357.   Where there is a change in the law after the husband's alienation, the widow's dower in respect to the aliened lands is governed by the law as it existed at the time of the alienation.   Kennerly v. Ins. Co., 11 Mo. 204.   Appellant cites the case of Dyer v. Witler, 89 Mo. 95, as supporting the proposition that dower is not within the Statute of Limitations unless made so expressly. The opinion in this case was rendered by the Supreme Court at the April term, 1886, but the Legislature enacted   R. S. 1889, sec. 4558, now Sec. 391, R. S. 1909, and the Act of 1887 was so amended as to require the action for admeasurement of dower to be brought within ten years after the death of the husband.   Appellant contends that the above statutes are void and invalid as to this appellant. The concrete question in this

case is, does the Act of 1887 (Laws 1887, p. 177), bar the widow's right of dower ten years after the death of the husband? Appellant contends that said act and all decisions of our appellate courts sustaining said act, are void and invalid as to appellant's right of dower, because said act is prospective and could not be retroactive. The Constitution of the United States forbids and prohibits any retroactive acts. Therefore we contend that the Act of 1887 was and is prospective, and the appellant's dower should be sustained.

*A. & J. F. Lee* and *James A. Waechter* for respondent.

(1) Appellant relinquished her dower interest by the execution and acknowledgment of the deed of trust of May 1, 1876, in favor of Mary E. Fleming's trustees. Barker v. Circle, 60 Mo. 263; Sharp v. McPike, 62 Mo. 302; 1 R. S. 1872, secs. 2, 7, 9 and 14, pp. 273-4-5; Ellis v. Kyger, 90 Mo. 606; De Bar v. Priest, 60 Mo. App. 536; Genoway v. Maize, 163 Mo. 232. (2) Appellant's right to dower, if any, barred by the ten-year Statute of Limitations. Laws 1887, p. 177; Sec. 391, R. S. 1909; Robinson v. Ware, 94 Mo. 678; Beard v. Hale, 95 Mo. 18; Farris v. Coleman, 103 Mo. 366; Long v. K. C. Stockyards, 107 Mo. 304; Null v. Howell, 111 Mo. 277; Brewing Co. v. Payne, 197 Mo. 431; Chouteau v. Harvey, 36 Fed. 541; Winters v. De Turk, 7 L. R. A. 659; Tiedeman on Real Property (1906 Ed.), p. 112; Harrison v. McReynolds, 183 Mo. 533; Phillips v. Hardenberg, 181 Mo. 463. (3) Appellant's right to dower, if any existed, is barred by adverse possession. Beard v. Hale, 95 Mo. 16; Robinson v. Ware, 94 Mo. 678; Null v. Howell, 111 Mo. 273; Long v. Stockyards, 107 Mo. 304; Robinson v. Allison, 192 Mo. 366; Stone v. Perkins, 217 Mo. 586; Hendricks v. Musgrave, 183 Mo. 311; Myers v. Schuckmann, 182 Mo. 159; Fugate v. Pierce, 49 Mo. 441; Franklin v. Cunningham, 187 Mo.

196. (4) Appellant, if not already barred by the ten-year Statute of Limitations, adverse possession, or lapse of time, is barred under the thirty-year Statute of Limitations. Sec. 1884, R. S. 1909; Requa v. Graham, 57 L. R. A. 641; De Hatre v. Edmunds, 200 Mo. 275; Crain v. Petermann, 200 Mo. 299; Campbell v. Greer, 209 Mo. 216; Dunningham v. Hudson, 217 Mo. 101; Collins v. Pease, 146 Mo. 135.

## STATEMENT.

This is an action for an alleged deforcement of dower. It was begun on October 28, 1910, in the circuit court of the city of St. Louis. The plaintiff (who has died since the appeal taken herein) was the wife of Michael Jodd, Sr. She alleged the death of her husband on the —— day of September, 1878, and his seizure at the date of his death of two acres of ground in the city of St. Louis, and State of Missouri. The petition recites the names of the children and heirs of the deceased, who survived him, and alleges that plaintiff, upon the death of her husband, became entitled to dower in the land described in the petition, and that she had never at any time relinquished her right, nor received any equivalent therefor. That the defendant, Louis Mehrtens, entered into said premises and wrongfully deforced plaintiff of her dower right therein on the —— day of May, 1910. The petition prayed for damages and monthly rents, and for an admeasurement in said land if that could be done. Otherwise, for monthly rents and profits, and for general relief. The answer admitted the possession of the defendant as a tenant, denied that he held under the plaintiff, or any of the heirs mentioned in her petition, denied that plaintiff had not relinquished her dower in the manner prescribed by law, denied that she was entitled to an admeasurement of dower, and pleaded specially the statute of ten years of adverse

possession, and also the statute of thirty-one years and alleged plaintiff was forever barred thereby to any right or title to said property. The reply took issue. The case was tried upon an agreed statement of facts in the record, in the form of a written stipulation signed by the parties, and upon some supplemental testimony, given by the real estate agent, who had charge of the property and knew of its condition for thirty or thirty-five years, whose testimony is not however set out under appellant's abstract. A summary of the agreed statement of facts is, to-wit: That the plaintiff is the lawful widow of Michael Jodd, deceased, having intermarried with him, on the 26th of October, 1848; that the said Michael Jodd died December 30, 1878; that the defendant in the action was tenant in possession under other persons than the children and widow of Michael Jodd, deceased; that said Michael Jodd and the plaintiff were in possession of the premises on the date of a deed of trust, executed thereon by them, on May 1, 1875, and until the death of said Jodd in 1878; that they held possession under a provision of said deed of trust, whereby the premises were let to the grantors therein until a sale, under said deed, upon payment of a monthly rent of one cent, and upon an agreement to deliver possession when said deed of trust should be foreclosed; that said deed of trust was jointly executed by Michael Jodd, and the plaintiff, his wife, on May 1, 1875, and conveyed the property to Alfred Fleming and John F. Lee, as trustees for the benefit of Mary E. Fleming, and her legal representatives. Said agreed statement of facts then concludes, to-wit:

"7. It is admitted that the real estate mentioned and described in said deed of trust of May 1, 1876, was duly sold by said trustees Alfred Fleming and John F. Lee on September 18, 1879, and at said sale the said defendant, Mary E. Fleming, became the pur-

chaser thereof.   The trustee's deed may be read in evidence.

"8.   It is admitted that the legal representatives of said Mary E. Fleming were at all times since, and are now, in possession of said real estate openly and under a continuous claim of absolute title thereto by and under the sale of said premises under and through said deed of trust executed by said Michael Jodd and his wife, the above-named plaintiff, by said trustees Alfred Fleming and John F. Lee, to the said Mary E. Fleming, on September 18, A. D. 1879.

"9.   It is admitted that the equitable title to the premises in dispute emanated from the Government more than fifty years before the bringing of this suit, and that neither the plaintiff, nor any one under whom she claims, has paid any taxes on said premises, or any part thereof, for any part of thirty-one years next preceding the institution of this suit.

"10.   Either party is at liberty to prove any other relevant, competent and additional facts which are not inconsistent with the facts herein admitted."

Upon the submission of the case to the trial court without the aid of a jury, judgment was rendered for defendant on October 6, 1911, from which plaintiff duly appealed to this court.

## OPINION.

BOND, J. (After statement of facts as above).— Upon the calling of the cause in this court, it was submitted without argument, upon the briefs filed by both parties.   It must be confessed that the abstract statement, brief and argument filed on behalf of appellant does not disclose that her motion for new trial was preserved in a bill of exceptions.   And we might for that reason, under the repeated rulings of this court, decline to consider any question on this appeal other than those arising upon the record proper.   [Jodd v. Lee,

256 Mo. 536; State ex rel. v. Adkins, 221 Mo. l. c. 120; Barham v. Shelton, 221 Mo. l. c. 70; Gilchrist v. Bryant, 213 Mo. l. c. 443; Thompson v. Ruddick, 213 Mo. l. c. 564.]

But a careful consideration of all that is contained in appellant's brief, including in that review the evidence contained in the agreed statement of facts, as if it had been properly preserved in the bill of exceptions, demonstrates that there was no error in the ruling made by the trial court in favor of the defendants, and this, for the reason, among others, that the agreed statements of facts show that plaintiff's cause of action falls strictly within the terms of the statute of repose pleaded in defendant's answer, and set forth in section 1884, Revised Statutes 1909. That is a familiar statute, and need not be quoted. It was first enacted in 1874. [Collins v. Pease, 146 Mo. l. c. 139.]

It applies to all titles, legal, as well as equitable, which have emanated from the Government more than ten years before the entry of lawful possession of any person holding the premises, which shall, or might be, claimed by another, and precludes any assertion of such claim, if it be shown that said claimant, or those under whom he deraigns title have not been in possession of said premises at any time within thirty consecutive years, and neither said claimant, nor those under whom he may hold, have paid any taxes for that period, nor within one year after its lapse, brought an action to recover the premises. The admission contained in section 9 of the agreed statement of facts shows that this case is within the plain language of the statute and is barred by the lapse of more than thirty-one years from the time plaintiff's right to dower accrued upon the death of her husband in September, 1878, and the institution of her suit on the 28th of October, 1910. [Sec. 1884, R. S. 1909; De-Hatre v. Edmonds, 200 Mo. 246, 275; Crain v. Peterman, 200 Mo. 295, 299; Campbell v. Greer, 209 Mo.

199, 216; Dunnington v. Hudson, 217 Mo. 93, 101; Collins v. Pease, 146 Mo., supra.]

The judgment of the trial court was the only one which could have been rendered under the pleadings, and the facts admitted of record. It is therefore affirmed. All concur.