LAWRENCE BOEHLERT *et al.*, Plaintiffs in Error, *v.* JOHN C. MCBRIDE, Defendant in Error.

| 48  505|
| 80a 615|
| 48  505|
|f152 413|

1. *Trusts and trustees — Trustee's sale — Fraud, proof touching — What insufficient.* — The fact that property was sold by a trustee for a sum less than half its value, and was shortly afterward sold back to him by the purchaser for the same amount, is not sufficient of itself to fix on the trustee the charge of having speculated at the sale in violation of his duty. To that end there should be some proof of an understanding between him and the bidder at or prior to the sale.

*Error to Perry Circuit Court.*

*B. Cassell*, for plaintiffs in error.

The sale by the sheriff was a mere snam to evade the law prohibiting him from purchasing at his own sale. A purchase of the trust estate *per interposition personam* by a trustee, at an inadequate price, carries fraud on its face. (Smith v. Williams, 12 Mo. 106–9.)

He cannot, without an enabling act, purchase at a sale made by himself. (2 Am. Law Reg. 729, §§ 35, 38, and note; Goode

v. Comfort, 39 Mo. 325, 607; Hull v. Voorhis *et al.*, 45 Mo. 555; Hill on Trust. 223; Jamison v. Glasscock, 29 Mo. 191–8.)

He cannot speculate for his private gain with the subject-matter committed to his care, to the prejudice of his principal. (Grumley v. Webb, 44 Mo. 451; State v. McKay, 43 Mo. 603; Thornton v. Irwin, 43 Mo. 165; Boardman v. Florez, 37 Mo. 561; R. C. 1855, p. 747, § 52; Rea *et al.* v. Copelin, 47 Mo. 83.)

*J. C. Killian,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding in equity, brought to set aside a sale under a deed of trust. The sale sought to be set aside was made on the 2d day of February, 1863. It appears that the trustee died prior to the sale, and that the sale was made by the defendant as sheriff of Perry county. The petition charges that the sale was fraudulent; that the defendant purchased the property at his own sale, in the name of a third party, at a depreciated price; that he discouraged bidding; and that the sale was made by the sheriff, when it ought to have been made by the legal representatives of the deceased trustee. It is averred in the petition that the provision in the deed of trust was that upon default of payment the sale should be made by the "trustee or his legal representatives, or, in case of death or absence from the State, by the sheriff." The answer alleges that the provision on this subject was that the sale should be made by the sheriff in case of the death or absence of the trustee, making no mention of his legal representatives. So far as these two statements are in conflict, the latter must be regarded as a contradiction of the former, leaving the point of difference to be determined by the evidence.

At the trial the plaintiffs read in evidence the sheriff's deed executed in pursuance of the sale, and that recited the provision in the deed of trust in regard to a sale by the sheriff in accordance with the allegations of the defendant's answer; and that was all the evidence there was in regard to the matter. The deed of trust itself was not put in evidence by either party, so that we

Boehlert et al. v. McBride.

are left in the dark as to its exact provisions, and must accept the recitals of the sheriff's deed as stating the clause in question truly.

The evidence of fraud in the sale, or of improper conduct on the part of the defendant, is slight and unsatisfactory. One witness testified that he forbore bidding because he regarded himself as disqualified from bidding, and that he acted upon the idea that his bid would not be received; but there was no evidence that this opinion was induced by the statements or acts of the defendant. The property sold for $186, which the plaintiffs claim was less than half its real value. There is nothing particularly remarkable in that when we consider that the sale was made in 1863, in the midst of the war.

A few days after the sale the purchaser conveyed the property back to the defendant. His deed was read in evidence, and the deed shows a consideration of $186, the same price at which the property was bid in at the public sale. These are significant circumstances, but they are not sufficient of themselves, standing alone as they do, to fix on the defendant the charge of having speculated at the sale in violation of his duty as a trustee. In order to fix that charge upon him there should have been something more — something pointing to an understanding between him and the bidder at or prior to the sale. There was nothing wrong in a purchase subsequent to the sale, unless the subsequent act was the result of what had previously taken place.

The recitals in the sheriff's deed show a sale in conformity with the provisions of the deed of trust, so far as we are made acquainted with those provisions, and there was no evidence in contradiction of them. They must therefore stand. After a careful examination of all the evidence in the case, putting out of view that offered by the defendant, and received against the plaintiffs' objections, I am constrained to adopt the conclusion that the judgment of the court below was warranted, and that it ought to be affirmed. The other judges concur.