ABRAHAM THACKER ET UX., Respondents, *v.* JOHN H.
TRACY ET AL., Appellants.

#### February 10, 1880.

1. The cashier of a bank which is the *cestui que trust* in a deed of trust should not act as trustee under the deed, and where he does so, and by improper statements deters others from arranging to save the property from sale, and where the advertisement names an impossible day for the sale, by giving the wrong day of the week, the owner of the equity is properly allowed to redeem after the sale, at which the bank becomes the purchaser.

2. Where no exceptions are filed to a referee's report, and the motion for a new trial does not specifically raise an objection, it is too late to raise the question in the appellate court.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

WALKER & WALKER, for the appellants : The errors and inaccuracies in the advertisement did not vitiate the sale. — *Powers* v. *Kueckhoff*, 41 Mo. 430 ; *Hews* v. *Musick*, 13 Mo. 395 ; *Gray* v. *Shaw*, 14 Mo. 341 ; *Sumrall* v. *Chaffin*, 48 Mo. 403 ; *Stephenson* v. *January*, 49 Mo. 465. As to the necessity of *tender* in cases of this kind, — and by tender we mean actual production and offer of the money, — see *Hornby* v. *Cramer*, 12 How. Pr. 490 ; *Bakeman* v. *Pooler*, 15 Wend. 637 ; *Sargent* v. *Graham*, 5 N. H. 440 ; *Fuller* v. *Little*, 7 N. H. 535 ; *Bacon* v. *Smith*, 5 La. An. 441 ; *Breed* v. *Hurd*, 6 Pick. 356 ; *Schrader* v. *Wolflin*, 21 Ind. 238 ; *Cothran* v. *Scanlan*, 34 Ga. 556, and numerous cases there cited ; *Hunter* v. *Warner*, 1 Wis. 141 ; *Ladd* v. *Patten*, 1 Cranch C. Ct. 263 ; *Potts* v. *Plaisted*, 30 Mich. 149 ; *Whelan* v. *Reilly*, 61 Mo. 565.

J. M. & C. H. KRUM and C. C. SIMMONS, for the respondents : The plaintiffs have made a case in equity that entitles them to redeem the property in question. — *Allen* v. *Ransom*, 44 Mo. 263 ; *Reddock* v. *Gressman*, 49 Mo. 389 ; *McNees* v. *Swaney*, 50 Mo. 388 ; *Gains* v. *Allen*, 58 Mo. 537 ; *Whelan* v. *Reilly*, 61 Mo. 565. The offers made were tan-

tamount to a tender. — *Vail* v. *Jacob*, 62 Mo. 130. The cashier of the *cestui que trust* was an improper party to act as trustee. — *Landrum* v. *Bank*, 63 Mo. 48.

HAYDEN, J., delivered the opinion of the court.

This is a petition to set aside a sale made by the defendant Tracy, as trustee under a deed of trust given by John and Mary Eagan, and Obear, her trustee, to the Central Savings Bank, of which Tracy, the trustee in the deed of trust, was the cashier, to secure a principal note for $1,500, with interest. On January 26, 1874, the bank caused the property to be advertised for sale. Before the sale, Obear, on the part of Mrs. Eagan, went to Tracy with the view of paying the note and having the sale stopped. There is a conflict of testimony as to what occured at this interview, Obear stating that Tracy insisted that another note of Eagan's, having no connection with the deed of trust, must also be paid before the security could be surrendered, and Tracy denying this. Obear states he was ready to procure the money to discharge the deed ; that he made no tender ; and that, owing to what Tracy said, he (Obear) did not make arrangements, as he had proposed, for paying the debt, as he understood Tracy to say that payment would not be accepted unless the other note was paid. Another witness, who called upon Tracy on the part of the Eagans with a view of paying the amount due under the deed, in order to hold the note for the Eagans, received the same impression as Obear. This witness testified that Tracy said that he held the deed of trust as collateral for Eagan's notes.

Tracy, as trustee, advertised the property for sale, and in the notice stated that the property would be sold at public auction, at the east front of the court-house in St. Louis, on Wednesday, the nineteenth day of February, 1874. In fact, the nineteenth day of February, 1874, was Thursday ; and on that Thursday the property was sold, the bank becoming the purchaser for the sum of $700, though the property was

worth from $3,300 to $3,500. In the notice of sale, the property, though otherwise correctly described, was represented as being in city block No. 539, whereas it was in city block 537. There was an interlocutory decree for the plaintiff, and a reference to ascertain the amount due, the expenses of trustee's sale, the amount paid by the bank for taxes, insurance, etc., and the rents. There was a final decree, according to the report, that the plaintiff, who had purchased the equity of Mrs. Eagan, be allowed to redeem, on paying to the assignee in bankruptcy of the bank $464.53 in three months from the date of the final decree.

The court below was right in allowing the plaintiff to redeem. The cashier of the bank was such at the time of the sale, and should not have acted as trustee and have attempted to represent the debtors in the deed while he was cashier. *Landrum* v. *Union Bank*, 63 Mo. 55. In the case at bar there was not merely the temptation which the law refuses to allow to be held out to trustees, but the cashier in fact acted improperly, and so as to seriously prejudice the rights of the debtors. It matters not whether Obear or Reilly made tenders of the amount due. Both were deterred by the improper conduct of the cashier, who was trustee, from making arrangements to raise the amount due under the deed, and thus the debtors' rights were prejudiced, as they would not have been had their trustee acted as he should have done.

The advertisement was not such a one as to allow the trustee to proceed to a sale under it. It may, through the serious ambiguity as to the day, have worked injury to the debtors, and, though there is no evidence that would-be purchasers were kept away, it appears that the property was bought by the bank at not much more than a fifth of its value. This latter circumstance is of importance only in connection with the naming of an impossible day, Wednesday, February 19, 1874. It was only by inquiry, not by reference to any part of the advertisement, or anything

there referred to, that persons could learn the essential fact that Thursday was the day meant, and not Wednesday, the eighteenth day of February, 1874. The case has nothing in common with those where a study of the advertisement itself is sufficient to correct a casual error or omission in one part of it (*Powers* v. *Kueckhoff*, 41 Mo. 430; *Stephenson* v. *January*, 49 Mo. 466), or where the inaccuracy is as to a detail that need not have been stated at all. *Sumrall* v. *Chaffin*, 48 Mo. 405.

Complaint is made, apparently, that there was an error in the amount found by the referee, or possibly that the error is in the final decree, in not allowing the bank interest upon its loan ; but in either case the defendants cannot now take advantage of error, if there was any, in regard to the amount found. No exceptions were filed to the report of the referee, nor is there, on the motion for new trial, anything pointing to objection as to the account.

The decree will be affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.