WASHINGTON CLOUD, Respondent, v. THE KANSAS LOAN & TRUST COMPANY AND H. C. FLOWER, Appellants.

Kansas City Court of Appeals, January 2, 1893.

Trusts and Trustees: ATTORNEY AND CLIENT. A deed of trust in the event of the trustees therein named refusing to act authorized any attorney of record residing in the state of Missouri whom the beneficiary might appoint in writing to act. *Held,* the attorney of the beneficiary was competent to act. *(In re Mayfield,* 17 Mo. App. 684, *distinguished.)*

*Appeal from the Jasper Circuit Court.*—Hon. M. G. McGregor, Judge.

Reversed and remanded *(with directions).*

*Henry C. Flower,* for appellants.

(1)   The holder of the note, under the terms of the contract, alone had the right to appoint a successor to the original trustee, and plaintiff by signing said contract estopped himself from denying that right. *Ellis v. Railroad,* 107 Mass. 12; *Trust Co. v. Fisher,* 106 Ill. 189; *Loan & Trust Co. v. Hughes,* 11 Hun (N. Y.); 1 Devlin on Deeds, sec. 387; Lewin on Trusts [5 Ed.] 459.   (2)   To be sure, he had been employed by them as attorney in cases which they had, but the mere fact that he had before been employed by them did not of itself disqualify him from acting as trustee, and did not raise a presumption that he would not execute the trust with fairness both to the plaintiff Cloud, and the beneficiary, E. M. Sheldon. *Ornsorg v. Turner,* 13 Mo. App. 533–549; *Sternberg v. Valentine,* 6 Mo. App. 176; Devlin on Deeds, sec. 387, p. 376.

*John T. Sturgis,* for H. C. Flower, appellant.

(1)   The beneficiary clearly had the right to appoint the trustee under the clause in the trust deed conferring that power. *Klein v. Glass,* 53 Tex. 37; *Jacobs v. McClintock,* 53 Tex. 72; 2 Jones on Mortgages [3 Ed.] sec. 1774.   (2)   As to the suitableness of the defendant to act as trustee on account of his relation to the beneficiary, the evidence does not sustain the finding of the court on this point.   The only charge against Flower is, that he was an attorney and had acted as trustee for the corporation in other cases. *Sternberg*

*v. Valentine*, 6 Mo. App. 176; *Ornsorg v. Turner*, 13 Mo. App. 533; 2 Jones on Mortgages [3 Ed.] sec. 1771. And plaintiff must make out a stronger case to sustain an injunction to restrain a sale than to redeem after sale. 2 Jones on Mortgages [3 Ed.] secs. 1801, 1802, and cases cited. And, in equity cases, courts will review the evidence. *Cornet v. Bertelsmann*, 61 Mo. 118; *Morey v. Staley*, 54 Mo. 419. Even the beneficiary himself may be the trustee, and still have the power to sell, in which case he acts as a mortgagee. *Cassady v. Wallace*, 102 Mo. 580.

*W. Cloud* and *O. L. Cravens*, for respondent.

(1) That respondent is entitled to injunctive relief under the allegations in the petition and evidence, there can be no serious question. *Bank v. Davidson*, 40 Mo. App. 421; *Church v. Hintze*, 72 Mo. 363; *Harrington v. Utterback*, 57 Mo. 519; *Gardner v. Terry*, 99 Mo. 523; *State to use v. Tiedeman*, 69 Mo. 308. (2) The real question in this case is narrowed down to the correctness of the holding of the lower court that Flower was not a competent person to act as trustee on account of the confidential relations existing between himself and the holder of the note. In the foreclosure, with which Flower was proceeding as trustee, he was the paid and hired servant and counsel and attorney for the holder of the note, and, being employed to guard the interests of one of the parties, he cannot act impartially as to the other. His relations to Sheldon were such that no court of equity, in view of Flower's actions in this case, can hold he is within the purview of the acknowledged duty of the trustee to be impartial and disinterested. Hence, the holding of the lower court was undoubtedly correct. *In re Mayfield*, 17 Mo. App. 684; *Long v. Long*, 79 Mo.

644, 656; Jones on Mortgages [4 Ed.] secs. 1770–1. The law would watch with more jealous scrutiny the transactions of Flower on account of his occupying intimate and confidential relations with Sheldon, the beneficiary. *Leavitt v. La Force*, 71 Mo. 353.

GILL, J.—This is an injunction suit brought by plaintiff Cloud, whereby it is sought to enjoin the defendants, particularly defendant Flower, from selling certain real estate covered by a deed of trust executed by Cloud May 1, 1886. From the record before us it appears that Cloud borrowed of the defendant trust company the sum of $700, giving his note due in five years with interest coupons attached. To secure the loan, Cloud executed his deed of trust in the ordinary form, and provided therein that if default was made on any interest obligation then the entire debt should become due at the option of the beneficiary. Sweet was named as trustee with a provision that if he failed or refused then one Noble was authorized to act.

Following this the deed of trust further declared: "And in case of the death, absence, inability or refusal to act of the said party of the second part or any of his successors in trust, then any attorney of record, residing in the state of Missouri, whom the said party of the third part or the legal holders of said note may in writing appoint, shall be and he is hereby made successor in trust to the trustee hereinbefore named with like powers and authority."

The plaintiff Cloud failed to pay the interest as he had agreed for the years 1889 and 1890; and, thereupon, in April, 1891, Sweet and Noble, the trustees named in the deed of trust, declining to act, defendant Flower, an attorney of Missouri, was in writing appointed by the legal holder of the note to act as trustee. Flower proceeded at once to perform the trust

and advertised the property for sale. Plaintiff thereupon began this suit to enjoin the sale. The cause was heard in the court below, where plaintiff succeeded, and defendants have appealed.

There is no rule of law or equity upon which this judgment can be sustained. The court below seems to have rested its decision on the mere fact that the trustee and defendant Flower had at times, antecedent and contemporaneous with his attempt to foreclose this deed of trust, acted as an attorney for the beneficiary in the trust deed, and that he, therefore, was not, as declared by the court, "a suitable person to act as trustee in the deed of trust." This is not a proceeding under sections 8683 and 8684 of the Revised Statutes for the appointment of a trustee on a failure of those designated by the deed, as was the case in *In re Mayfield,* 17 Mo. App. 684, but this trustee Flower was in terms practically named by the parties themselves. The holders of the debt secured have done that, and nothing more than they were authorized to do under the terms of the deed of trust executed by plaintiff Cloud. They were empowered by the plaintiff (in case of the failure of Sweet and Noble to act as trustees) to appoint some attorney of the state of Missouri to act instead of such trustees. And as such beneficiaries saw proper to select one who had been, or was at the time, their attorney, we discover no reason why they should not be allowed to do so. It would not have been improper even to have designated one of the mortgagees or beneficiaries to act as trustee in such an emergency. Such a party would then be a mortgagee with power of sale. *Cassady v. Wallace,* 102 Mo. 575, 580.

The judgment here was clearly for the wrong party. It will, therefore, be reversed and the cause remanded with directions to assess damages and enter a judgment for defendants. All concur.