GENEVIEVE JODD, Appellant, v. JOHN F. LEE.

Division One, April 2, 1914.

1. REFUSED INSTRUCTIONS: Appeal: Bill of Exceptions. In order that the Supreme Court may consider an assignment of error in the refusal of an instruction, that instruction must be preserved in the bill of exceptions.

2. SALE UNDER DEED OF TRUST: Purchase by Beneficiary: Subsequent Sale to Trustees. Where the beneficiary in a deed of trust bought in the property when it was duly sold under the trust deed, and there is no evidence that he bought for the

trustees or pursuant to any understanding whereby they were to acquire an interest in the property, the trustees or either of them had a perfect right to buy the property from the beneficiary four years later.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*H. K. Bunch* and *Ernest C. Hodge* for appellant.

(1) The trial court erred in refusing plaintiff's instruction, because said instruction was predicated upon the whole evidence in the cause and the pleadings. Hisey v. Goodwin, 90 Mo. 366; Fairbanks v. Long, 91 Mo. 628; Ryan v. Spalding, 40 Mo. 166; Gage v. Averill, 57 Mo. App. 111. (2) Judge Bay says it is a well-settled principle of equity law that a trustee cannot become the purchaser of the trust property. Kennedy v. Keating, 34 Mo. 26. A party who has acquired or gained an advantage by means of his fraudulent acts should be declared a trustee for the benefit of him who is injured by such fraud. Rutherford v. Williams, 42 Mo. 18. Being once a trustee he is always a trustee. The cause of action is not barred by the statute of limitations. No lapse of time is a bar to a direct trust. Rubey v. Barrett, 12 Mo. 3; Grumley v. Webb, 44 Mo. 144; Giraldine v. Howard, 103 Mo. 40; Rea v. Copelin, 47 Mo. 76; Thornton v. Gwin, 43 Mo. 153; Jamison v. Glasscock, 29 Mo. 191; Prevost v. Gratz, 43 Mo. 542; Smith v. William, 12 Mo. 106.

*James A. Waechter* for respondent.

(1) Plaintiff's instruction, or declaration of law, was properly refused. Patterson v. Railroad, 47 Mo. App. 572; Grocer Co. v. Schackelford, 65 Mo. App. 366; Seehorn v. Bank, 148 Mo. 269; Railroad v. Miller, 115 Mo. 159; Walton v. Railroad, 49 Mo. App. 620.

(2) The relation of trustee is terminated on foreclosure sale under the deed of trust. 2 Perry on Trusts and Trustees (1911 Ed.), p. 1496; State ex rel. v. Jones, 131 Mo. 210; Burford v. Aldridge, 165 Mo. 426.

BLAIR, C.—Since the appeal was taken appellant died and by the consent of parties and the order of this court the cause has been revived in the name of her executrix, Margaret Howard.

This is a proceeding to admeasure dower. The property involved is described in the petition as "A lot of ground in the southwest quarter of block 2916, in Eiler's survey of the Old Town of Carondelet, now city of St. Louis, containing a front of twenty-five feet, more or less, on the east line of Minnesota avenue, by a depth eastwardly of 137 feet to an alley; bounded south by Grundy street, east by an alley, north by a lot claimed by Mary Grohan, and west by Minnesota avenue."

The judgment below was for defendant.

Respondent makes no point on the absence from the bill of exceptions of the stipulation and motions referred to therein. Let it be assumed (without being decided) they are the stipulation and motion for new trial copied into the record proper and that sufficient reference is made to them to incorporate them in the bill for the purposes of this case, and further assumed that the recitations as to the signatures to the bill show a proper signing thereof.

On the trial it was stipulated that Michael Jodd and Genevieve Jodd were husband and wife, and that Michael, during the marriage, owned the lot described; that in 1875 Michael and Genevieve, as husband and wife, by their duly executed deed of trust conveyed the lot to Arthur and John F. Lee, as trustees, to secure a loan to them by James T. Ringgold; that in 1879 the trustees "duly sold" the lot in question under the

deed of trust and that Ringgold purchased at the sale;
that about four years later Ringgold sold the lot to
Arthur Lee for $4500 and that Arthur died in 1899 and
by his will devised the property to John F. Lee.  It
is further stipulated that Ringgold "and his heirs,
successors and assigns" have been in possession of
the property since the sale in 1879, claiming it under
that sale.  Michael Jodd died in 1878, about one year
before the sale.

In regard to the acquisition of the property by
the Lees, John F. Lee testified neither he nor his
brother had any interest in it, directly or indirectly,
until they purchased from Ringgold in July, 1883,
nearly four years after the sale under the deed of
trust.  There was no other testimony on the point.

1.  The action of the trial court in refusing an
instruction asked by appellant's counsel is assigned
for error.  No instruction appears in
the bill of exceptions and none can be
considered here.  In view of the conclu-
sion reached on another question, how-
ever, the refusal of the instruction men-
tioned becomes unimportant.

*Refused Instructions: Bill of Exceptions.*

2.  As we understand counsel, it
is contended that Arthur Lee having
been one of the trustees in the deed of
trust and having made the sale there-
under was debarred from purchasing
the property thereafter.

*Sale under Deed of Trust: Purchase by Beneficiary: Subsequent Sale to Trustees.*

Waiving questions arising as to whether counsel
could avail themselves of this contention under the
pleadings in this case, it conclusively appears from
the record that the deed of trust was duly executed
by Genevieve Jodd and Michael, her husband, and
that the trustees "duly sold" under the deed of trust
to Ringgold, the beneficiary therein.  Ringgold's right
to buy at the sale cannot be and is not questioned, and

there is not a scintilla of evidence he bought for the trustees or either of them or pursuant to any understanding whereby they were to acquire an interest in the property.

It is argued that the rule "once a trustee, always a trustee" applies. That cannot be so. The sale under the deed of trust having been duly and lawfully made, the duties of the trustees, as such, were at an end, and they or either of them had a perfect right to buy from Ringgold four years later. It has never been thought that because one was made trustee in a deed of trust he was *thereafter forever barred* from dealing with the property, a lawful sale having occurred under the deed of trust in which he was trustee.

Of course, a trustee purchasing at his own sale, directly or indirectly, takes the property subject to redemption by the grantor in the deed of trust. The trust is not advanced. [Giraldin v. Howard, 103 Mo. l. c. 46.] But the stipulation and testimony exclude the idea of any such purchase in this case. The judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion by BLAIR, C., is adopted as the opinion of the court. All the judges concur.