Josephine C. Mahen, Appellant, v. Tavern Rock.—37 S. W. (2d) 562.

Division One, March 31, 1931.

*Benjamin J. Klene* for appellant.

*Booth & Booth* and *Taylor R. Young* for respondent.

STURGIS, C.—This suit is in two counts, one in ejectment and the other to determine title to a/ one-seventh interest in one hundred and twenty acres of land in Franklin County, Missouri. Plaintiff claims title to this one-seventh interest under the will of her mother, Mary Orth. The defendant has title to the other six-sevenths, acquired from the other heirs of Mary Orth. and by its answer as-

serts title to this disputed one-seventh under and by reason of a sheriff's sale under execution and sheriff's deed purporting to convey this one-seventh which otherwise belongs to this plaintiff. The validity of the sheriff's sale and deed is the question at issue.

Both the pleadings and evidence show that Taylor R. Young, a lawyer of St. Louis, brought suit and obtained three judgments, all of the same date, in a justice of the peace court of the city of St. Louis. Young then caused certified copies of these judgments to be filed and recorded in the office of the clerk of the circuit court of said city, as provided by Sections 2850 and 2851, Revised Statutes 1919. For the purpose of making such judgments a lien on plaintiff's one-seventh interest in the Franklin County land, he then caused certified copies of these transcript judgments to be filed and recorded in the office of the clerk of the Circuit Court of Franklin County, as provided by Section 1595, Revised Statutes 1919. As the basis of its title, the defendant's amended answer further says:

"And in due course he (Young) caused executions to be issued on said judgments *by the Clerk of the Circuit Court of the County of Franklin,* State of Missouri, and placed the same in the hands of the Sheriff of Franklin County, State of Missouri, and said Sheriff of said Franklin County did, in obedience to said executions, levy upon and duly sell all the right, title and interest of the plaintiff in and to the property described in her said petition, and at said sale the said Taylor R. Young, being the highest and best bidder, purchased the interest of this plaintiff at said execution sale, and at said sale the interest of said plaintiff in said real estate was purchased by the said Young and said Sheriff of Franklin County, Missouri, executed in due form of law a deed conveying the interest of the plaintiff to the said Young in and to the real estate described in plaintiff's petition, and the said Young thereby became the legal and equitable owner of the interest of the plaintiff in and to the real estate described in said petition."

The notice of the levy under the execution, the sheriff's report of sale, and the sheriff's deed conveying to Taylor R. Young all the right, title and interest of this plaintiff in the land in question were put in evidence as constituting defendant's muniments of title, all of which show a sheriff's sale of the said land in dispute under an execution issued out of the clerk's office of the Circuit Court of Franklin County, Missouri, on the transcript judgments of the justice of the peace in the city of St. Louis.

There was some oral evidence offered by both parties, but under the view we take of the case, we need not mention same except incidentally. The court found the issues for defendant and entered judgment, a certified copy of which has been filed here. From this

we find that the trial court found for defendant on the ejectment count of the petition and adjudged that plaintiff take nothing thereby; that on the second count the court found and adjudged that defendant is the owner in fee of the land in question and that plaintiff has no right, title or interest therein. The plaintiff took the necessary steps for an appeal and same was granted to this court.

Though there is filed here a printed abstract of the record by appellant and an additional abstract of the record by respondent which merely supplies some additional matter, the case is very imperfectly and irregularly presented under our rules and the decisions of this court for printing and filing abstracts of the record and what they should contain. No objection, however, has been made on this score and the correctness of the statements of the parties as to what the record really shows and as to what the essential facts are, is not challenged. In fact, the essential facts of this case appear from admissions made in the pleadings.

I. Plaintiff claims that there is a fatal defect in the judgment rendered in the justice of the peace court in the city of St. Louis wherein Taylor R. Young was plaintiff and Josephine C. Mahen, this plaintiff, was defendant, but we will consider such judgment as being regular and valid. The plaintiff in that judgment properly filed a transcript of same in the office of the clerk of the Circuit Court of the City of St. Louis, as provided by Section 2850, Revised Statutes 1919, and when that was done, such judgments, according to Section 2851, "from the time of filing the transcript, shall have the same lien on the real estate of the defendant in the county as is given to judgments of circuit courts, and shall be under the control of the court where the transcript is filed; may be revived and carried into effect in the same manner and with like effect as judgments of circuit courts, and executions issued thereon may be directed to and executed in any county in this State." It was also proper for plaintiff in that judgment to have a certified copy of the transcript of the justice of the peace judgment, certified by the Clerk of the Circuit Court of St. Louis, filed and recorded in the office of the Clerk of the Circuit Court of Franklin County, as was here done. The effect of so doing was to make such judgment of the justice of the peace a lien upon the real estate of the judgment defendant in Franklin County. [Sec. 1595, R. S. 1919.]

The filing of a certified copy of the justice of the peace judgment in the circuit court of the county (City of St. Louis) where rendered has the effect of making such judgment, in most respects at least, a judgment of the circuit court of that county or city, and same

"shall be under the control of that court, and execution shall issue from that court to any other county in the State." [Sec. 2851, R. S. 1919.] This justice of the peace judgment, therefore, became a judgment of the Circuit Court of the City of St. Louis, but not of Franklin County. Executions could issue from the Circuit Court of St. Louis, but not from Franklin County. To make this more certain, Section 1597, Revised Statutes 1919, following the provision for filing a certified copy of the transcript of the justice judgment in another county after same is filed in the county where the justice judgment is rendered, provides: "This article shall not be deemed to authorize the court where such transcript shall be filed to issue executions on such judgment or decree, or to issue a *scire facias* to revive such judgment or decree or lien, but the same shall be sued out of the court of the county where the judgment or decree was rendered." It must be ruled, therefore, that the execution issued out of the Circuit Court of Franklin County, by virtue of which the sheriff of that county attempted to sell this land, was a nullity, and the sheriff's deed thereunder was and is also a nullity. [Wolz v. Venard, 253 Mo. 67, 86.]

II. It also stands conceded that plaintiff here, defendant in the said suit and judgment of Taylor R. Young against Josephine C. Mahen in the justice of the peace court of the city of St. Louis, was then and continued to be a resident of that city. When the execution was issued on that judgment, and was placed in the hands of the Sheriff of Franklin County and by him levied on the land in question and same advertised and sold, she was a resident of St. Louis. Under the plain provisions of Section 1651, Revised Statutes 1919, the execution plaintiff was required to serve written notice on this plaintiff as owner of the land to be sold, of the fact of the issuance of such execution and when returnable. This was not done. Plaintiff testified that she knew nothing of the sale of her interest in this Franklin County land till sometime afterwards. Mr. Young, the execution plaintiff, testified that he informed her in advance of what he *intended to do*. This shows why the statute wisely requires the notice to be in writing stating the fact of the issuance of the execution, which notice then speaks for itself. The written notice required by statute was not given and this is such a defect in selling the land under the execution as warrants this court to set aside the sale and sheriff's deed thereunder at the instance of the landowner. [Young v. Schofield, 132 Mo. 650, 664; Ray v. Stobbs, 28 Mo. 35; Harris v. Chouteau, 37 Mo. 165.] The evident purpose of such written notice being required is to prevent a judgment plaintiff from having an execution issued to a county where the defendant does not reside and have his land there sold without his

knowing of such action. A judgment defendant must be taken to know that an execution is the natural result of a judgment and if issued to the county where he resides and the judgment is rendered, and notice of the sale is published there, as the statute requires, such is sufficient notice; but when the sale is had and notice of same is published in a county other than that of his residence and other than the one in which service was had and the judgment rendered, then the law protects his interests by requiring written notice **to him.**

III. It will be noticed that this suit was commenced some four years after the sheriff's sale and deed in question was made. In the meantime the purchaser at that sale, who was the judgment and execution plaintiff, sold and conveyed the land to a third party, who, in turn, transferred it to the defendant here. However, the fatal defects in the title were apparent from the records and proceedings culminating in Mr. Young's title, and this defendant as a subsequent purchaser was bound to take notice of same. "It is well settled law in this State that a purchaser of land is charged with constructive notice of everything contained or recited in recorded deeds which lie in and constitute the chain of title under which he holds." [Simms v. Thompson, 291 Mo. l. c. 520; State ex rel. v. Wessell, 237 Mo. 593, 606; McDonald v. Quick, 139 Mo. 484, 498.]

IV. Defendant by its answer sets up what is termed an estoppel against plaintiff in that the sale of plaintiff's land in Franklin County did not yield enough to satisfy the justice of the peace judgment and execution thereon (which fact plaintiff concedes and says that such sale was a sacrifice of her property) and that sometime later plaintiff paid off and satisfied the justice judgment or transcript thereof; and defendant says "that the plaintiff, with full knowledge of the fact that the said Young had purchased her interest in said real estate as aforesaid, thereafter paid the deficiency due on account of said judgment in favor of said Young, and said nothing and did nothing to divest the interest of the said Young out of the real estate purchased by him as aforesaid at said sheriff's sale, until after the said Young had, for a valuable consideration, conveyed and sold his interest in the real estate described in plaintiff's petition to one Irene W. Johnson by warranty deed," duly recorded, etc., and that the purchaser for value then transferred said land to the present defendant. It is not claimed that plaintiff in any way encouraged said subsequent purchasers to buy this land from Young or even knew of such subsequent sales till after they were consummated. The most that plaintiff did was to refrain from bringing suit for about four years, and it is disputed that she

waited any considerable time after she knew of the sheriff's sale, which lack of knowledge is attributable in part at least to the failure of the execution plaintiff to serve the required statutory notice. On the contrary, this plaintiff, as defendant in the justice court, claimed that she owed Young, plaintiff there, nothing, or, as Young put it, "told him to charge his account to the dust and let the rain settle it," "fixed a jury on him," and cut down the amount for which he ought to have had judgment, and this plaintiff steadily refused to pay the judgment till she was forced to pay same because it encumbered the title to certain St. Louis property which she wanted to sell. She paid it, when compelled to do so, in order to effect a sale of her property. Under the facts here, we cannot convict this plaintiff of laches and much less of acts constituting an estoppel. [Olden v. Hendrick, 100 Mo. 533, 538; 10 R. C. L. p. 694; 21 C. J. p. 1156.]

The judgment of the trial court is therefore reversed and the cause is remanded with directions to enter judgment for plaintiff as prayed in the petition. *Seddon* and *Ferguson, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur.