FARM MORTGAGE HOLDING COMPANY, a Corporation, Defendant in Error, v. GEORGE S. HOMAN and LENA HOMAN, Plaintiffs in Error.

GEORGE S. HOMAN and LENA HOMAN, Plaintiffs in Error, v. CARL O. NELSON and FARM MORTGAGE HOLDING COMPANY, a Corporation, Defendants in Error.—119 S. W. (2d) 272.

Division Two, August 17, 1938.

*Earl C. Borchers* for plaintiffs in error.

*John D. McNeely, John F. Reinhardt J. V. Gaddy* and *Geo. W. Carter* for defendants in error.

972

[black rectangular redaction]

BOHLING, C.—George S. and Lena Homan, husband and wife, on May 1, 1925, conveyed certain real estate situate in Buchanan County, Missouri, to the Kansas City Finance Company, a Missouri corporation, in trust, however, to secure their indebtedness in the principal sum of $3500 evidenced by their negotiable promissory note of even date payable, on an amortization plan, to the Kansas City Joint Stock Land Bank, a corporation organized under certain acts of Congress. The Farm Mortgage Holding Company, a corporation, acquired said note and deed of trust. Default occurring, foreclosure sale was conducted by Carl O. Nelson, substitute trustee, on April 7, 1934.

Thereafter, the Homans instituted an action to quiet title and the Farm Mortgage Holding Company instituted an action in ejectment, said causes being consolidated for the purposes of trial nisi and also for review here. The review involves the validity of the foreclosure sale; the Homans asserting it was void because (1) the provision of the deed of trust authorizing the appointment of a substitute trustee was so worded as to render ineffective acts of a substitute trustee administering the trust and (2) on account of the partiality on behalf of the note owner with which said sale was conducted.

I. After naming the Kansas City Finance Company trustee and prescribing its powers and duties, the deed of trust continued: "In case the trustee herein named, by reason of absence, resignation, death, refusal to act or disability, shall fail to perform this trust, as herein provided, the legal holder of said note shall have the power to substitute any other person as trustee, and the party so substituted shall have the same powers as the trustee herein named, and the acts of said substituted trustee shall be as effectual and binding upon all parties as if performed by the trustee herein named." It is manifest that the creation of a trust was of the essence of the instrument and

that the selection of a trustee to administer the same was of secondary importance.

We may assume that as of May 1, 1925, the Kansas City Finance Company was without corporate power to effectuate the trust created. Under date of August 4, 1927, said corporation was vested with corporate authority to act as trustee under deeds of trust conveying real estate, and to perform all the usual and customary duties of such a trustee. Its charter was forfeited January 1, 1930.

The Homans take the position that since the named trustee, at the time of appointment, was a "mere passive, impotent trustee, . . . unendowed by law" to administer the trust, Carl O. Nelson, appointed trustee under the substitution clause, under the wording of the substitution clause vesting such substitute trustee with "the same powers as the trustee herein named" and making his acts "as effectual and binding upon the parties as if performed by the trustee herein named," was likewise an impotent trustee, and a proceeding under Section 3135, Revised Statutes 1929 (Mo. Stat. Ann., p. 8167), was necessary to effectuate the trust. The contention ignores the subsequent corporate authority conferred upon the named trustee.

Further, the provisions of Section 3135, when read in connection with Section 3137, Revised Statutes 1929 (Mo. Stat. Ann., p. 8169), appear subject to the same objections under like conditions. Section 3135 provides: "If any trustee in any deed of trust, to secure the payment of a debt . . . shall or has become unable, by sickness or other disability, to perform or execute his trust, any person interested in the debt . . . secured by such deed of trust . . . may present his . . . affidavit, stating the facts, . . . to the circuit court; . . ." and in the event the court appoints a substitute trustee under Section 3137, said substitute trustee is "possessed of all the rights, powers and authority possessed by the original trustee, under the deed of trust . . . and shall do all . . . acts the original trustee had power to do, and with the same force and effect. . . ." As of the date of appointment the original trustee may not have possessed legal capacity to administer the trust created, but the Homans concede that it had authority to take and hold title to real estate and that a substitute trustee appointed under court proceedings (referring to Sec. 3135) would possess all the necessary authority to administer the trust created; and they state that the substitution clause of the deed of trust operated in the event "when, if ever," the trustee "was called upon to perform the duties of this trust," that they make no contention the deed of trust was void or the trust must fail; and they do not dispute that the original trustee subsequently acquired corporate power to administer trusts of like nature *in toto* and, thereafter, upon the forfeiture of its charter became disabled to so act. We think the similarity of the statutory provisions and

the substitution clause (quoted supra) would result in the authority of a substitute trustee appointed under said statutory provisions being identical in so far as here involved with the authority of a trustee appointed under said substitution clause; and that the position taken by the Homans, in view of the admissions, may not be successfully maintained.

II. Carl O. Nelson was "field man" for the Farm Mortgage Holding Company. Although making the point that the appointment of an employee as substitute trustee by the owner of the secured debt is objectionable (Northcutt v. Fine (Mo.), 44 S. W. (2d) 125, 128(3); Mayfield v. Donovan, 17 Mo. App. 684, 690), the Homans, stating the conduct of a sale under a deed of trust by such substitute trustee is insufficient in itself to invalidate the sale (Cloud v. Kansas L. & Trs. Co., 52 Mo. App. 318, 322; 41 C. J. 941, n. 18), stress such fact in connection with their contention that Nelson administered the trust with such partiality in behalf of the noteholder as to justify setting aside the sale. Mr. Homan and his attorney were present at the sale, and Homan, describing the sale, testified that Nelson read the notice, reached in his pocket, took out a book, opened it, read some figures and asked is that your bid, and a gentleman back in the crowd nodded his head; and that Nelson then said I am bid so much, repeating the figures he had read to this man, and that if no more bids were offered it was sold to the Farm Mortgage Company. The burden of the Homans' complaint is that the actions of Nelson chilled the bidding; that is, resulted in a sale of the property at an inadequate price. However, the record discloses that Mr. Homan, when questioned with reference to any fraud, testified to the effect the only fraud he could recall was the fact that Nelson conducted the sale as trustee. We have disposed of this. Notice was served on Nelson, as trustee, of the purpose of the Homans to redeem (consult Sec. 3063, R. S. 1929, Mo. Stat. Ann., p. 1892). The note owner's purchase was compatible with the Homans' notice to redeem. The bid was $3627.20, the amount of the principal, interest, taxes and costs. There is no affirmative proof of any inadequacy of price in this bid; and there is not a sufficient showing by clear, convincing and cogent evidence or circumstances in the instant record that injury has resulted to the Homans by reason of the manner in which Nelson conducted the sale to cause us to overturn the findings of the court *nisi.* [Consult Judah v. Pitts, 333 Mo. 301, 311, 312(4), 62 S. W. (2d) 715, 719(3), 720(8) and cases.]

The foregoing disposes of the real controverted issues for review. The Homans, without stressing, also complain of the award in the ejectment suit for monthly rents until restitution. We think there is substantial testimony of record to sustain an award for rents until restitution. The Farm Mortgage Holding Company concedes there

is no rent due under the award, stating restitution occurred before any rent could accrue. We feel we are not called upon to further develop the point.

The judgments are affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.