Cleona JACKSON, Plaintiff-Respondent,

v.

Estella KLEIN and Estella Klein, Trustee for Bernice Veanes, Bernice Veanes, Leroy Robinson and Mamie Robinson, Defendants-Appellants.

No. 46565.

Supreme Court of Missouri,

Division No. 2.

Jan. 12, 1959.

Motion for Rehearing or to Transfer to Court en Banc or to Modify Opinion Denied Feb. 9, 1959.

554

Ziercher, Tzinberg, Human & Michenfelder, Herbert W. Ziercher, F. William Human, Jr., Clayton, for appellants.

N. Murry Edwards, Ninian M. Edwards, St. Louis, for respondent.

BARRETT, Commissioner.

This is a suit to set aside a trustee's deed, a contemporaneously executed quitclaim deed, and a subsequent warranty deed to property in Kinloch, lots 52 and 53, block 30 of South Kinloch Park 4th Subdivision. Originally the two lots, on which there is a concrete block house, belonged to Lillian J. Smith. On March 23, 1948, Lillian executed a deed of trust on the property to secure a note in the sum of $600, payable in 44 monthly installments of $15 a month for forty-three months and $12.78 for the last month, together with interest at 5% annually on the unpaid balance. In the deed of trust Estella Klein was the trustee and Bernice Veanes was the mortgagee. In 1950 the deed of trust was foreclosed by Estella Klein, the trustee, and a trustee's deed executed conveying the property to Bernice Veanes upon a recited bid of $494.86. On the same date, March 4, 1950, Bernice, by quitclaim deed, transferred the property to Estella Klein and the two instruments were recorded on the same day by a title company. On April 1, 1952, through a real estate agency, Mamie and Leroy Robinson purchased the property from Miss Klein for the sum of $2,500 and executed a deed of trust to secure $2,050 of the purchase price. This suit to set aside these transfers was instituted on September 24, 1952. The defendants are Miss Klein, Bernice Veanes and the Robinsons. The plaintiff is Cleona Jackson who when the suit was instituted was a minor, then

twenty years of age. During the pendency of the suit Cleona attained his majority and prosecuted the suit in his own name and right; he was twenty-four when the case was tried. Cleona is Lillian Smith's son and upon her death, August 26, 1948, was her sole heir and by reason of that fact is the plaintiff in this suit and entitled to whatever right or interest she may have had in the property at the time of the foreclosure. The property was inventoried as an asset in her estate and it is by reason of his being her sole heir that Cleona now claims to be the rightful owner of the property in fee simple, subject to the original deed of trust executed by Lillian.

It is obvious from this meager outline of the facts that Estella Klein, the trustee in the deed of trust, became the purchaser of the property consequent to the foreclosure sale. In his petition the plaintiff alleged, as was the fact, that Bernice Veanes in buying the property at the foreclosure sale and in subsequently transferring it by quitclaim deed was the agent of and acted for Miss Klein and paid no consideration for the trustee's deed and received none for her quitclaim deed. As to Miss Klein it was and is the plaintiff's theory, she being the trustee in the deed of trust, that the foreclosure of the deed of trust, the trustee's deed, and the quitclaim deed to her were invalid. As to the Robinsons it was and is the plaintiff's theory that they were charged with constructive notice of these facts and of the fact that a transfer of the property for a recited inadequate consideration of $494.86, the property being of the alleged value of $3,000, they, therefore, were not bona fide purchasers without notice and their title to the property was likewise subject to being divested in favor of the plaintiff. The trial court found for the plaintiff, found that the trustee's deed was voidable, that the Robinsons were charged with notice of the contents of the trustee's deed and of the quitclaim deed from Bernice Veanes to Miss Klein, all on the same day,

that had they inquired they would have learned these facts and therefore that they were not bona fide purchasers without notice. Accordingly the trial court set aside these three transfers, the trustee's deed, the quitclaim deed and Miss Klein's warranty deed to the Robinsons, and decreed the plaintiff, Cleona Jackson, to be the fee simple owner of the property subject to the balance due, with interest, on his mother's original note. This latter sum was $433 due on the principal, and the court added 6% interest from March 4, 1950, to June 15, 1957, $277.86, a total due Miss Klein from the plaintiff $710.86. To this sum the court added $75.60 Miss Klein had paid in taxes, and for the sums due on the note and the taxes the court declared that to be a lien on the property. The court awarded the plaintiff, Cleona, a judgment against the Robinsons for $1,592.-50, the sum the court found due for the rents and profits from August 29, 1953, to June 15, 1957, the latter date being the date of the judgment. Against this, however, the court allowed the Robinsons judgment against Cleona for "improvements made by said defendants in good faith" $708.05 and $297.76 for sums paid out for taxes and insurance, a total of $1,005.81. The appellant Robinsons contend that, at most, the trustee's sale was voidable, not void, that they were bona fide purchasers for value without notice of the plaintiff's right to redeem and, therefore, the court erred in setting aside the transfer to them and in ordering them to deliver possession of the property to the plaintiff and in entering judgment against them for the rental of the property. The court's decree and judgment is based upon plaintiff's basic theory that, Miss Klein being the purchaser at her own trustee's sale, the transfers were voidable and the Robinsons, being charged with notice of the facts, were not bona fide purchasers. It is to these points that the parties have briefed and argued the case here and, it might be added, if this meager outline comprised all the facts and circumstances no fault could be found with the plaintiff's position or with the

court's decree, perhaps. But upon this record this bare outline of the facts and the briefs of the parties as to these particular matters only bring one to the crux of a very complex and difficult problem.

■■ Unquestionably a trustee in a deed of trust may not, either directly or indirectly, without the consent of the person owning the beneficial interest, purchase the property at his own foreclosure sale. And if he does in fact become the purchaser he takes the chance that in some circumstances the transfer may be set aside even though made in good faith. Smith v. Haley, Mo., 314 S.W.2d 909. But in that case, it should be noted, the trustee had no personal interest in either the property or the debt, his only interest or duty in connection with the transaction was his capacity as trustee. Furthermore he was aware of the debtors' rights and relationship to the mortgagee, the father of one of the mortgagors, but made no inquiry of them and they in fact had no notice of the sale. Note also that the action to set aside the conveyances was timely filed and it was instituted directly against the trustee-purchaser who then held the legal title. The relief granted, however, "varies according to circumstances" (Thornton v. Irwin, 43 Mo. 153, 167); a purchase by the trustee is voidable, not void (3 Jones, Mortgages, Sec. 2422, p. 952), it may be affirmed or ratified by the acquiescence of the beneficial owner and the trustee may convey the property to a bona fide purchaser without notice. Holman v. Ryon, 61 App.D.C. 10, 56 F.2d 307. This court has not set aside every purchase by a trustee for that reason alone and regardless of the attending circumstances. Jodd v. Lee, 256 Mo. 536, 165 S.W. 991; Boehlert v. McBride, 48 Mo. 505. This is not to minimize the hazards of a trustee's becoming the purchaser at his own foreclosure sale, even Miss Klein now concedes that it is "imprudent," but it does point up in some degree the knowledge a subsequent purchaser may necessarily have from constructive notice.

■■ Purchasers of property, here the Robinsons, are charged with constructive notice of everything contained or recited in the recorded deeds comprising their chain of title. V.A.M.S. § 442.390; Mahen v. Tavern Rock, 327 Mo. 391, 396, 37 S. W.2d 562, 564. It has been held, for example, that a subsequent purchaser through a conveyance comparable to a quitclaim deed was charged with notice of the fact, even though an appeal had been dismissed, that the case might nevertheless be subsequently reviewed on writ of error thus denying to him the right and status of a bona fide purchaser without notice. McAboy v. Packer, 353 Mo. 1219, 187 S. W.2d 207. Subsequent purchasers are also charged with notice that a default judgment for taxes might be attacked and set aside within three years. Johnson v. Stull, Mo., 303 S.W.2d 110, 118. These two illustrative cases put upon inquiry and impute considerable diligence and knowledge to "a reasonably prudent person," not to mention exceedingly prudent lawyers. And the obiter dictum in Johnson v. Stull to the contrary notwithstanding, the fact that purchasers, as here the Robinsons, receive a warranty deed rather than a quitclaim deed is a significant circumstance in considering constructive notice and whether they are bona fide purchasers without notice. Schaeffer v. Moore, Mo., 262 S.W.2d 854; McAboy v. Packer, supra; annotation 162 A.L.R. 556, 560; 16 Am. Jur., Sec. 334, p. 627.

As noted, this property was foreclosed and the trustee's deed and the quitclaim deed were executed on March 4, 1950. More than two years later, in April 1952, the Robinsons purchased the property. The Robinsons had not known Lillian Smith and when they purchased they did not know the plaintiff, Cleona Jackson, and they did not meet Miss Klein until this lawsuit was tried. They read the advertisement of a real estate company, McNulty Real Estate, advertising this property for sale and after looking at it three times and talking to neighbors purchased it "from" the real

estate agency. Although they did not understand it, the title, of course, was transferred to them by a warranty deed from Miss Klein. They inspected no records and did not have an abstract of title to the property, they were not represented by a lawyer but Mrs. Robinson says that she asked that the title be "run down." Instead of actually receiving a deed or an abstract of title the Robinsons received a certificate of title from the Missouri Title Guaranty Company which as of October 31, 1950, showed title in Estella Klein free and clear of all liens, mortgages and taxes except the City of Kinloch taxes for 1949 and 1950. As of April 2, 1952, the certificate showed title in the Robinsons subject to their deed of trust to T. P. McNulty, trustee for Estella Klein, securing the $2,050 note given in part payment of the purchase price. These are the circumstances in which the Robinsons purchased and the actual knowledge they had of their title to the property.

The plaintiff urges, however, that they were charged with notice of the fact, had they examined the record of the recorded instruments comprising their chain of title (V.A.M.S. §§ 442.380, 442.390), that Estella Klein as trustee foreclosed the deed of trust and on the same day by quitclaim deed from the ostensible purchaser became the owner of the property. It is urged on behalf of Cleona that had the Robinsons made the inquiry suggested by constructive notice they would have discovered that Bernice Veanes was in fact the agent of Miss Klein and that there was no consideration for her conveyance. But these are not the only facts constructive notice and inquiry would have revealed. Estella Klein was not only the trustee in the deed of trust, *she had also subsequently become the owner and holder of the note.* The original note and deed of trust were executed and Estella became the owner of the note in these circumstances: In order to complete a divorce settlement with her husband in 1948 Lillian Smith applied to Bernice Veanes, a long-time real estate and

loan agent, for a loan of $600 on this property. Bernice made the loan for and on behalf of Estella's father, Jacob Klein, and it was on that occasion that Estella became the trustee in the deed of trust. At that time Estella had no interest in the note, the dates and precise circumstances are not shown but Estella "acquired" the note from her mother after her father's death. Miss Klein, incidentally, does housework and formerly was a farmer working for her father. So at the time of the foreclosure in March 1950 Miss Klein was not only the trustee in the deed of trust, she had also become the owner of the note and in fact the mortgagee and, presumably, inquiry by the Robinsons from constructive notice would have revealed this additional circumstance.

■ And, it is not unlawful for the trustee in a deed of trust to also acquire or become the holder of the note secured by the deed of trust, problems arise when the trustee in addition becomes the purchaser of the mortgaged property at the foreclosure sale. Loeb v. Dowling, 349 Mo. 674, 162 S.W.2d 875. But even then, "In the absence of any fraud or misconduct, it is held or recognized by the great weight of authority that the validity of a deed of trust given as security for a debt, or the trustee's power of sale or foreclosure thereunder, is not affected by the fact that the trustee has an interest in the debt secured by the deed of trust, or is associated with one having such an interest." Annotation 138 A.L.R. 1013, 1014; Title Guaranty Trust Co. v. Sessinghaus, 325 Mo. 420, 28 S.W.2d 1001; Farm Mortgage Holding Co. v. Homan, 342 Mo. 969, 119 S.W.2d 272; Schwarz v. Kellogg, Mo., 243 S.W. 179; Woerther v. Backhoff, 12 Mo.App. 586. The fact of the trustee's having an interest in the debt and being trustee may be a circumstance for consideration in connection with other facts tending to show fraud or other shockingly unfair conduct on the part of the trustee (Judah v. Pitts, 333 Mo. 301, 312, 62 S.W.2d 715, 720), but the transactions are set aside

only when there is present the additional factors of fraud or other unfair conduct. Cassady v. Wallace, 102 Mo. 575, 15 S.W. 138; Northcutt v. Fine, Mo., 44 S.W.2d 125; Thacker v. Tracy, 8 Mo.App. 315. And in all of these cases it should be noted that the actions to set aside the transfers were timely filed, for example, in Lange v. McIntosh, 340 Mo. 247, 100 S.W.2d 456, within thirty days of the sale, and in most instances they were instituted directly against and involved only the purchaser at the foreclosure sale. Jodd v. Lee, supra. Compare: Mueller v. Becker, 263 Mo. 165, 172 S.W. 322. Wooldridge v. Dittmeier, Mo., 190 S.W.2d 926, is illustrative of circumstances compelling the cancellation of thinly hidden conveyances to one who was trustee and in fact the owner of the debt, a usurious note involving shockingly overreaching conduct in the inception of the debt. On the other hand, in Mcredith v. Pound, Mo., 92 S.W.2d 698, the plaintiff, who likewise was the sole heir of the mortgagor, sought to enjoin a threatened sale under a deed of trust and to cancel the note and deed of trust on the ground, among others, that the trustee was also the beneficial holder of the note. The court pointed out that the trustee-owner of the note was in effect a mortgagee with power of sale and the court held that the fact of the trustee's being the beneficial owner of the note did not invalidate the deed of trust as a security. None of this, of course, is particularly helpful to Miss Klein, but it does have some bearing on constructive notice and whether the Robinsons are bona fide purchasers without notice. 59 C.J.S. Mortgages § 838, p. 1600; Rideout v. Burkhardt, 255 Mo. 116, 164 S.W. 506; Hoffman v. Bigham, 324 Mo. 516, 24 S.W.2d 125; Loeb v. Dowling, supra.

█ In considering constructive notice and bona fide purchasers it is well to note certain other factors in connection with the principal debt and the foreclosure. Lillian died on August 26, 1948, and thereafter only eight payments were made on the note and so, beyond question, there was a default and the deed of trust was lawfully subject to being foreclosed. In his petition Cleona alleged that his uncle, who was the administrator of Lillian's estate and his guardian, rented the property to some people by the name of Wilson for $35 or $40 a month and that Miss Klein and Bernice Veanes knew that he was not using the rent money to make the monthly payments of $15 on the note, but his proof does not support the allegation, and even if it did would not affect the Robinsons. In any event the note and deed of trust were in default and subject to foreclosure. Being in default and subject to foreclosure the property was subject to being "bought in by the holder of such debt or obligation or by any other person for such holder," with the consequence in that event, however, that the property was "subject to redemption by the grantor in such mortgage deed of trust * * * within one year from the date of said sale * * *." V.A. M.S. § 443.410. And here there was no effort to comply with the statutes and redeem within one year. Noncompliance with these statutes is not determinative of this action, instituted more than two years after the foreclosure sale, but the fact is noted in connection with what an "ordinarily prudent person" should know from constructive notice. The redemption statute does not destroy the common-law right of redemption by an action comparable to this when a trustee buys in for himself under a power of sale. Sunny Brook Zinc & Lead Co. v. Metzler, D.C., 231 F. 304, Judge Learned Hand construing the Missouri statute in 1916. In this connection, in passing, it should be noted that when a mortgagee improperly, as contrasted with wrongfully, executes a rightful foreclosure, the mortgagor's remedies are limited. Peterson v. Kansas City Life Ins. Co., 339 Mo. 700, 98 S.W.2d 770, 108 A.L.R. 583, annotated in 108 A.L.R. 592 and see annotation 117 A.L.R. 863.

█ The plaintiff says that another thing constructive notice and inquiry would have revealed, destructive of the Robin-

sons' status as bona fide purchasers, is the fact that the property was bought in at the trustee's sale in 1948 for the recited inadequate consideration of $494.86 when as they knew from their purchase in April 1952 the property was of the value of $2,500. Witnesses for the plaintiff valued the property in 1950 at $2,500 to $3,500, while witnesses for the defendants placed its value at $1,500. But, in considering notice and bona fide purchaser, mere inadequacy of price alone is not sufficient to invalidate a sale of land under a deed of trust (annotation 8 A.L.R. 1001, 1002), as with the trustee's owning the debt and becoming the purchaser there must be present other invalidating factors (Hart v. Parrish, Mo., 244 S.W.2d 105; Elliott v. McCormick, 323 Mo. 263, 280–281, 19 S.W.2d 654, 662; Landrum v. Union Bank of Missouri, 63 Mo. 48) and as to the particular element of inadequate consideration, the most significant factor in constructive notice, from the purchaser's viewpoint, is time. The general rule is thus capably summarized in 42 A.L.R.2d 1088, 1089: " * * * gross inadequacy in the consideration apparently given for a conveyance appearing in a chain of title will, for a reasonable time, and under some circumstances at least, and in relation to some equities or claims, put a purchaser or mortgagee of the land on notice of a possible or probable infirmity in the antecedent transaction so as to charge him with knowledge of such pertinent facts concerning it as he would have learned through reasonable inquiry prosecuted with proper diligence. It is evident, however, that since a purchaser is not to be held to a higher standard of vigilance in regard to merely voidable transactions in the chain of title than can reasonably be applied under the circumstances, each case stands very much on its own facts." In the particular circumstances of this case constructive notice did not compel these purchasers, the Robinsons, two years after the foreclosure sale to investigate and be governed by the adequacy or inadequacy of the consideration recited in this trustee's deed.

Without analyzing and pointing out the specific differences in their relative positions, on a comparative basis the plaintiff, Cleona, and the defendant Robinsons are equally innocent, but, as indicated, the Robinsons are bona fide purchasers without notice and for that reason the judgment as to them is reversed. Thompson v. Lyon, 20 Mo. 156; Petring v. Kuhs, 350 Mo. 1197, 1208, 171 S.W.2d 635, 640; 55 Am. Jur., Sec. 651, p. 1042.

It is not possible upon this record for this court to precisely adjudicate and adjust the rights of Cleona and Estella and as to them the judgment is reversed and the cause remanded for such further action, consistent with this opinion, as the parties deem appropriate.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.